## STATE v. LESLIE DEVONE HANSON.

182 N. W. (2d) 706.

January 8, 1971—No. 42074.

*C. Paul Jones,* State Public Defender, and *Earl P. Gray,* for appellant.

*Douglas M. Head,* Attorney General, *James M. Kelley,* Assistant Attorney General, and *Darrell C. Hill,* Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Kelly, and Rosengren, JJ.

CHESTER G. ROSENGREN, JUSTICE.*

This case is before this court on an appeal from a judgment convicting appellant of aggravated forgery in violation of Minn. St. 609.625. The case was tried before a jury and appellant received an indeterminate sentence which, under the cited statute, may be a maximum of 10 years. We affirm.

The evidence upon which the jury returned the verdict of guilty was, briefly, as follows:

On June 29, 1968, a man representing himself to be one Robert D. Peterson presented to Grosenick's Clothing Store in Orton-

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

ville, Minnesota, a check for $25. The check was drawn upon the Valley Bank and Trust Company, Grand Forks, North Dakota. Ivan Stern, owner of the clothing store, approved the check after the man, by means of a driver's license and credit cards, had identified himself as Robert D. Peterson. In the presence of Stern, the party then signed the check as "Robert D. Peterson." Stern testified that the check was returned by the North Dakota bank on which it was drawn, and that, as of the day of trial, he still had not received payment on the check. Stern identified appellant as being the man who represented himself to be Robert D. Peterson and who had presented the check. In addition, appellant was identified by a local motel keeper as having been one of three men who had been registered in her motel on the day of the alleged offense. Apparently, appellant had been registered under an assumed or fictitious name, for none of the names under which these men had been registered was that of appellant.

■ Appellant argues initially that the evidence presented was insufficient to sustain the conviction and that the verdict was contrary to law. We believe that the evidence presented was sufficient to sustain the conviction. It is uncontroverted that appellant obtained cash and merchandise by presenting a check, subsequently not honored by the drawee bank, which was imprinted with the name of another, and which, before a witness, was signed by appellant using that other person's name. From the circumstances presented in this case, the jury could properly infer that appellant in so presenting the check, possessed the requisite intent to defraud.

Appellant argues that the state failed to prove that the check was actually forged, which is a necessary element of aggravated forgery. In support of this contention appellant asserts that forgery was not proved because the state did not prove that "Robert D. Peterson" did not in fact sign the check. This contention is not in accordance with the evidence for there was testimony that appellant actually signed the check in the presence of a witness and appellant clearly is not Robert D. Peterson.

It cannot be ignored that in these proceedings he repeatedly admitted that he was correctly named in all proceedings.

In the alternative, appellant asserts that the state failed to prove the requisite forgery in that, by not producing the actual Robert D. Peterson for testimony, it did not foreclose the possibility that appellant may have been authorized to sign the check. This latter assertion is, under our statute, not relevant to proof of forgery. Under § 609.625, subd. 1, proof of lack of authority is an element of the offense of aggravated forgery only when it is charged that a defendant has made or altered an instrument "by authority of one who did not give such authority." In the case at hand, appellant did not purport to sign the check with authority of another. He signed the check while purporting to be some person other than himself. In such a situation, the possibility that a signature falsely made may have been authorized goes only to the question of intent to defraud, and proof of lack of authority is not necessary to sustain a conviction for aggravated forgery. It is clear that the contention which appellant asserts, if adopted, would only hinder enforcement of the forgery law where, as here, the person whose name was forged lives out of state. A requirement that testimony of such a person be requisite to conviction would render enforcement in those cases most burdensome if not impossible, and is not necessary under the statute pursuant to which appellant was prosecuted.

■ Appellant also contends that the trial court committed prejudicial error by receiving into evidence the check in question without giving instructions that the jury should disregard certain stamps on the back which contained the language "endorsement cancelled." The trial court had ruled that writing which had been placed on the check after the date of the alleged offense was not admissible. Defense counsel did not request that such writing be excised nor did counsel request cautionary instructions in this regard. Examination of the exhibit in question discloses that the check contains on its back the stamps of various banks, apparently received as it had been presented for payment

in the ordinary course of business. One such stamp includes the words "endorsement cancelled," and another, "End. Canc." Both, however, are relatively inconspicuous, and since no request for cautionary instructions was made, we cannot conclude that prejudicial error occurred therefrom.

■ Appellant further contends that he was denied a fair trial because of a statement of the prosecutor claimed to constitute a comment on appellant's failure to testify. The comment was made in the course of the prosecutor's final argument to the jury, and when examined in its entirety, it is apparent that to construe that language as prejudicial comment would require some substantial stretching of the imagination. Accordingly, and in view of the fact that no objection or request for correction was made, we cannot conclude that such comment was prejudicial.

■ Appellant contends further that he was not afforded effective representation of counsel. That contention is without merit. It is well established that even when the competency of state-appointed counsel is questioned, mere errors in judgment or trial tactics do not amount to incompetency. State v. Waldron, 273 Minn. 57, 139 N. W. (2d) 785. A review of the record in question clearly establishes that appellant was not inadequately represented.

■ Finally, appellant contends that the sentence imposed constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. Appellant was given an indeterminate sentence, which for the crime of aggravated forgery may be for a term of up to 10 years. Minn. St. 609.625. Appellant points to State v. Briton, 265 Minn. 326, 121 N. W. (2d) 577, in which by way of dictum it was observed that a 20-year sentence for forging a check for $30.36 was unduly harsh. 265 Minn. 328, note 1, 121 N. W. (2d) 578, note 1. However, it is well settled that sentencing is a matter for the trial court and so long as the sentence imposed is authorized by law this court will not disturb it. See, State v. Bohall, 280 Minn. 1, 157 N. W. (2d) 845; State v. Gamelgard, 287 Minn. 74, 177 N. W.

(2d) 404. Nor does such a sentence constitute cruel and unusual punishment as comprehended in the Eighth Amendment. United States v. Dawson (2 Cir.) 400 F. (2d) 194, certiorari denied, 393 U. S. 1023, 89 S. Ct. 632, 21 L. ed. (2d) 567. In the present case it appears that the trial court prior to sentencing was informed of appellant's prior convictions as well as of his nervous condition and alcohol problem. On the record presented we cannot conclude that the indeterminate sentence imposed was such as to constitute cruel and unusual punishment. The conviction is accordingly affirmed.

Affirmed.