STATE v. ROBERT RAY PRETTYMAN.

198 N. W. 2d 156.

May 12, 1972—No. 42748.

*C. Paul Jones,* State Public Defender, and *Rosalie E. Wahl,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *William B. Randall,* County Attorney, and *Steven C. DeCoster,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, and Peterson, JJ.

PER CURIAM.

Defendant, convicted of aggravated robbery of a grocery store, appeals from the judgment. We affirm.

1. The evidence of defendant's guilt was not only sufficient but compelling. First, he was positively identified by the store clerk from whom he took the store's receipts at gunpoint. Although defendant contested her testimony, which described him as heavily bearded, by testimony that his face was shaven on the morning of the robbery, the jury was not compelled either to credit that testimony or to disregard the other details recalled by the victim in her description of him. Second, it was established that defendant had two wounds in his backside, which the jury could infer were from shots fired by the store owner and his assistant at the two robbers as they fled past them outside the store. Defendant told the arresting officer, who observed his wounds, that he had been shot, and he told a longtime acquaintance that he had been shot while involved in a robbery.

2. Defendant claims that his public defender failed to give him effective representation because he did not use peremptory challenges against four prospective jurors, one of whom was the fourth-grade teacher of the prosecuting attorney, one of whom was a social friend of a detective who did not testify but had been scheduled to testify, and two of whom were well acquainted with the county attorney. The public defender had used two peremptory challenges to other prospective jurors and had successfully challenged three others for cause. No actual bias of the four was disclosed, and each gave assurance that her judgment would not be affected by her prior associations. "To establish ineffective representation," as we said in State v. Russell, 272 Minn. 463, 465, 138 N. W. 2d 690, 692 (1965), "it is not sufficient to complain about counsel's failure to challenge certain jurors or his failure to make proper objections * * *." This record affords no basis for second-guessing the experienced public defender's jury selection tactics as mistaken or improvident. We have repeatedly stated that representation by coun-

sel will be found wanting only where it is merely pro forma or makes a mockery of justice. Adler v. State, 284 Minn. 31, 169 N. W. 2d 233 (1969); State v. Sutton, 277 Minn. 157, 152 N. W. 2d 57 (1967); State v. Waldron, 273 Minn. 57, 139 N. W. 2d 785 (1966).

3. In final argument the prosecuting attorney frequently began a sentence with the words, "I think"; e. g., "I think you'll find that * * *" or "I think you will be able to find that * * *," followed by reference to evidence on an issue or a permissible inference that could be made. The frequency and context of the use of these words suggests to us that they were perhaps more idle cliche than deliberate expression of personal opinion, and the absence of objection by the defense counsel who actually heard them adds to this impression. They are, nevertheless, impermissible. See, State v. Jones, 277 Minn. 174, 152 N. W. 2d 67 (1967); State v. Perry, 274 Minn. 1, 142 N. W. 2d 573 (1966); State v. Schwartz, 266 Minn. 104, 122 N. W. 2d 769 (1963); State v. Gulbrandsen, 238 Minn. 508, 57 N. W. 2d 419 (1953). See, also, A. B. A. Project on Standards for Criminal Justice, Standards Relating to the Prosecution Function and the Defense Function (Approved Draft, 1971) § 5.8. Although always wrong, such comments are not always prejudicial. The strength of the evidence against defendant and the otherwise balanced argument addressed to the jury's acknowledged role in judging the evidence may be considered in determining whether such comments infected the verdict. So considered, we conclude that there was no reversible error.

Affirmed.

MR. JUSTICE MacLAUGHLIN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.