## STATE v. DONALD EDWIN GRANROTH.

200 N. W. 2d 397.

July 28, 1972—No. 42755.

*Hall, Smith, Juster, Feikema & Haskvitz, Ronald L. Haskvitz,* and *Henry H. Feikema,* for appellant.

*Warren Spannaus,* Attorney General, *John M. Mason,* Solicitor General, and *Paul J. Tschida* and *Frank Levin,* Special Assistant Attorneys General, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, and Peterson, JJ.

PER CURIAM.

Defendant was indicted for manslaughter in the first degree, Minn. St. 609.20(1), and was convicted by a jury for shooting his sister's husband with a .22-caliber revolver. The brother-in-law was shot when defendant became enraged by the victim's physical assault upon defendant's sister, the victim's wife, and upon defendant's mother and himself. The shooting occurred in the victim's home, where all the individuals resided. We are compelled to affirm.

This direct appeal raises several issues. Defendant's arguments that his oral confession was improperly admitted and that his appointed defense counsel's representation was inadequate are without merit. Rather, the record demonstrates full and fair consideration, and proper disposition, of defendant's pretrial motions to suppress statements and confessions. Also, the record presents an exemplary pretrial disclosure by the prosecutor of all the state's evidence and a careful and skillful presentation by defense counsel to the jury of the critical issue of justifiable homicide in the light most favorable to defendant.

The primary argument on appeal is that the evidence is not sufficient to sustain the verdict but supports the defense of justifiable homicide because defendant reasonably feared great bodily harm to the women and himself. Minn. St. 609.065(1). Defendant contends that the jury's contrary verdict of guilty was prejudiced by an erroneous "self-defense" instruction given by the trial court. The evidence does establish

a persuasive case that for a time there was reasonable fear of great bodily harm to the women because of the brutality of the victim's attack upon them with his hands and fists. However, the jury's refusal to acquit is understandable in view of the compelling evidence that when defendant left the house to get his revolver from his camper parked outside, reentered the house, and shot his brother-in-law, there was then no longer any reasonable fear of great bodily harm to the women or to himself.

In its instruction regarding justifiable homicide, the trial court explained that "[b]y 'great bodily harm' is meant more than an ordinary injury by fist." [1] Defendant argues that the use of that phrase could have been misconstrued by the jury as meaning that an assault by fist alone can never result in great bodily harm and therefore can never support the reasonable expectation of such harm. Although the instruction was of questionable propriety, we are satisfied that under the evidence in this case it had no substantial influence on the verdict and therefore was nonprejudicial to defendant and harmless error. State v. Hyleck, 286 Minn. 126, 139, 175 N. W. 2d 163, 171, certiorari denied, 399 U. S. 932, 90 S. Ct. 2267, 26 L. ed. 2d 803 (1970); see, also, 3 Wright, Federal Practice and Procedure, §§ 852 to 854. As we read the instructions in their entirety and in the light of the evidence, we believe the challenged instruction was intended to, and did, convey to the jury that to kill in defense of self or another is an extreme defense measure [2] justified by reasonable fear of great bodily harm, which denotes more harm than is likely to occur from an "ordinary" injury by fist.

Affirmed.

MR. JUSTICE MACLAUGHLIN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[1] "Great bodily harm" is defined by Minn. St. 609.02, subd. 8, and does not include the language used by the trial court. The court's addition was presumably lifted from our language in State v. Peters, 274 Minn. 309, 143 N. W. 2d 832 (1966).

[2] We have repeatedly noted that homicide in self-defense is extreme action. See, State v. Boyce, 284 Minn. 242, 170 N. W. 2d 104 (1969); State v. Johnson, 277 Minn. 368, 152 N. W. 2d 529 (1967); State v. Sorenson, 32 Minn. 118, 19 N. W. 738 (1884). And justification for homicide in defense of another parallels defense of self. 2 Burdick, Law of Crime, § 437; Clark & Marshall, Crimes (6 ed.) § 7.04; Kerr, Law of Homicide, § 168.