STATE v. ROCKY LEE O'GEAY.

216 N. W. 2d 636.

March 22, 1974—No. 43967.

*C. Paul Jones*, State Public Defender, and *Robert E. Oliphant*, Assistant State Public Defender, for appellant.

*Warren Spannaus*, Attorney General, *Keith M. Brownell*, County Attorney, and *Bruce L. Anderson*, Assistant County Attorney, for respondent.

PER CURIAM.

Defendant, who was convicted in district court of three counts of burglary, Minn. St. 609.58, subd. 2(3), and sentenced by the presiding judge to a term not to exceed 5 years' imprisonment on each count (to be served consecutively), contends on this appeal from judgment of conviction that the prosecutor committed prejudicial error in his closing statement to the jury. Although we strongly agree with defendant that the prosecutor erred when in his closing statement he expressed his personal opinion as to defendant's guilt—see, State v. Williams, 297 Minn. 76, 210 N. W. 2d 21 (1973); State v. Prettyman, 293 Minn. 493, 198 N. W. 2d 156 (1972); A. B. A. Code of Professional Responsibility, DR 7-106(C)(4); A. B. A. Standards for Criminal Justice, Standards Relating to the Prosecution Function (Approved Draft, 1971) § 5.8—we do not believe that this error was prejudicial. In cases such as this, the test is whether it is likely the error had a substantial influence on the trier in reaching the verdict of guilty. State v. Granroth, 294 Minn. 491, 200 N. W. 2d 397 (1972); State v. Prettyman, *supra*. Here the trial court, upon defendant's request, promptly gave a corrective instruction; further, the evidence against defendant was strong (an eyewitness called police while observing the burglaries in progress and the police arrested defendant and others, with the stolen goods in their possession, minutes after they left the scene). Thus, it is highly unlikely that the prosecutor's closing statement substantially influenced the jury in reaching its verdicts of guilty.

Affirmed.