STATE v. RICHARD HARRY DAVIS.

233 N. W. 2d 561.

August 29, 1975—No. 44522.

---

540

*C. Paul Jones,* State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Gary W. Flakne,* County Attorney, and *Vernon E. Bergstrom, David W. Larson,* and *Michael McGlennen,* Assistant County Attorneys, for respondent.

Per Curiam.

Defendant appeals from a judgment of conviction for unlawful possession of marijuana and for unlawful possession with intent to sell marijuana. Two issues are raised. First, whether it was the duty of the trial court to resolve disputed questions of fact in determining the admissibility of evidence at the Rasmussen hearing. We hold that it was the court's duty. Second, whether the closing argument of the prosecutor constituted misconduct requiring a new trial. We hold that it was improper.

1. The marijuana which was here seized was found in the saddlebag of a bicycle which defendant was riding when he was arrested. It was the testimony of the arresting officers that they seized the marijuana out of the saddlebag at the time of the arrest. It was the testimony of the defendant, on the other hand, corroborated by two youthful bystanders, that the marijuana was removed from the saddlebag by a separate team of officers after defendant had been taken into custody.

At the Rasmussen hearing, the key issue was whether or not the marijuana was seized incident to a lawful search made at the time of the arrest, or whether the marijuana was taken without a search warrant at a time when defendant had been removed from the scene.

The trial court declined to resolve the fact question thus raised and refused to suppress the evidence. The reason given by the court was as follows:

"I'll tell you how I feel about it. I am going to deny the motion to quash, regardless of credibility. That's what we have juries for. There is a difference of opinion on the sworn testimony, and a Rasmussen motion to quash can only be granted when the evidence is all one way. The police officers have got one version, the young man another, so your motion to quash is denied and we'll have a jury trial in the morning on the incident of September 10th."

Clearly, it was the duty of the trial court to withhold the evidence from the jury unless the trial court made findings of fact on the disputed evidence which would render the marijuana admissible. State

ex rel. Rasmussen v. Tahash, 272 Minn. 589, 554, 141 N. W. 2d 3, 13 (1965); State v. LaFrance, 302 Minn. 245, 223 N. W. 2d 813 (1974); State v. Hall, 286 Minn. 424, 429, 176 N. W. 2d 254, 258 (1970); State v. Wajda, 296 Minn. 29, 206 N. W. 2d 1 (1973); State v. Kinn, 288 Minn. 31, 34, 178 N. W. 2d 888, 890 (1970).

2. The impropriety of the prosecutor's cross-examination and closing argument is asserted as a separate grounds for reversal. He questioned defendant concerning his reasons for not calling a particular witness, which suggested defendant had a burden of proof; he sought to embarrass a clergyman who was a witness for the defense by asking him why he wore clerical garb at the trial; he suggested to the jury that defendant might have been providing marijuana to the youthful witnesses who testified on defendant's behalf and speculated in his argument that the marijuana was destined for "kids in that park or other kids"; he justified the search as a protective measure by stating, "I don't have to tell you that cops are killed by such stupidity" if they fail to make an adequate search. Finally, he invited the jurors not to rely on their own knowledge of the facts but to look to the superior wisdom of the authorities by stating:

"And keep in mind also, ladies and gentlemen, and admit to yourselves that insofar as dope and narcotics and drugs are concerned, insofar as the operations of dope peddlers, junkies, dealers and users and how they operate on the streets, *you are all naive in that area, and don't forget it.* So be clever in that jury room and think about what you are doing. *You are into a field that you do not fully understand.* Give it a great deal of thought."

In our opinion, the total impact of these tactics resulted in denying defendant a fair trial. We recognize, however, that ordinarily counsel has a duty to make prompt objection or to ask for a corrective charge. State v. Hanson, 289 Minn. 103, 107, 182 N. W. 2d 706, 708 (1971); State v. Prettyman, 293 Minn. 493, 198 N. W. 2d 156 (1972); State v. Matthews, 301 Minn. 133, 221 N. W. 2d 563 (1974). In light of the court's failure to determine the facts bearing on defendant's right to suppress evidence, there must be a new trial.

Reversed.

KELLY, JUSTICE (concurring specially).

I concur with the holding of the majority opinion that the prosecutor's argument constituted prejudicial misconduct. While I agree that it is normally the duty of the trial court to resolve disputed questions of fact in determining the admissibility of evidence at a Rasmussen

hearing, it might not always be necessary to do so. It is possible that the evidence might be admissible regardless of the differences in testimony. Conceivably, if the bicycle and saddlebag were being temporarily impounded for safekeeping, the contraband might be admissible, depending on all the facts and circumstances, no matter whose testimony is found to be the more creditable. Compare, City of St. Paul v. Myles, 298 Minn. 298, 218 N. W. 2d 697 (1974). I would remand on the ground that the argument of the prosecution taken as a whole was reversible error and because the trial court did not pass upon the admissibility of the evidence at the Rasmussen hearing. Furthermore, it is preferable that the trial court make findings of fact. If the police officers' version is accepted, more delicate constitutional issues will be avoided.

Mr. Justice Scott took no part in the consideration or decision of this case.