## STATE v. WADE RUSSELL.

235 N. W. 2d 846.

November 28, 1975—No. 44535.

*C. Paul Jones,* State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Gary W. Flakne,* County Attorney, and *Michael McGlennen, David W. Larson,* and *Vernon E. Bergstrom,* Assistant County Attorneys, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of a charge of aggravated assault, Minn. St. 609.225, subd. 1, and sentenced by the trial court to an indeterminate term of 3 to 10 years in prison. On this appeal from judgment of conviction, defendant contends first, that the evidence against him was insufficient as a matter of law, and second, that the trial court's cautionary instruction on the alibi defense deprived him of a fair trial. We affirm.

The only issue at trial was whether defendant was the person who committed the aggravated assault on the victim. Evidence against defendant included positive eyewitness identification testimony by the victim and three others, and evidence that the automobile driven by

the assailant was leased to defendant. We hold that this evidence was sufficient to sustain a guilty verdict.

The only other issue relates to the trial court's cautionary instruction on the defense of alibi, an instruction to which defense counsel did not object. Specifically, the trial court stated:

"The defendant in this case has introduced evidence to prove he was not present at the time and place of the commission of the alleged offense for which he was here placed on trial. Remember that it may be easy to claim alibi and difficult to disprove it. If, however, after considering all of the evidence you have a reasonable doubt whether the defendant was present at the time and place the crime was committed, you shall find him not guilty."

In a number of cases we have said that such cautionary instructions are not to be recommended—see State v. Kluck, 299 Minn. 161, 217 N. W. 2d 202 (1974), and cases cited therein—but defendant has not cited, and we have not found, any cases in which we have held such instructions to be prejudicial error. In this case, although the trial court did say that the defense of alibi is easily claimed and difficult to disprove, it also was careful to emphasize to the jury that if it had a reasonable doubt as to where defendant was at the time of the shooting, it should find him not guilty. Because of this and because there was no objection at the time of trial, we reject defendant's contention that the instruction was prejudicial error.[1] At the same time we do not approve of this type of instruction and reiterate that it should not be given.

Affirmed.

MR. JUSTICE SCOTT took no part in the consideration or decision of this case.

---

[1] The prosecutor can properly point out that the defense is easy to claim and difficult to disprove, so, even when the judge makes the comment, its effect is likely to be innocuous as it merely states the obvious.