STATE v. VERNON BOYD BURRINGTON.

241 N. W. 2d 646.

April 9, 1976—No. 45463.

*C. Paul Jones*, State Public Defender, for appellant.

*Warren Spannaus*, Attorney General, *Gary W. Flakne*, County Attorney, *Vernon E. Bergstrom*, *David W. Larson*, and *Phebe Haugen*, Assistant County Attorneys, and *Lee Barry*, Law Clerk, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of aggravated robbery, Minn. St. 609.245, and was sentenced to an indeterminate term of 3 to 20 years' imprisonment. After careful consideration of the issues raised by defendant on this appeal from judgment of conviction, we affirm.

Defendant was charged with being the gunman in the aggravated robbery of a neighborhood grocery store in Robbinsdale on June 19, 1973. The clerk on duty that night positively identified defendant, and also identified a gun seized from defendant and two others on June 21, 1973, as being identical to a gun used by the robber. A fingerprint expert testified that a companion print taken from defendant matched a print left by the gunman on a box of potato chips.

We reject defendant's contention that the trial court erred in admitting the gun seized from defendant and the two others. It is true that the state did not give defendant a Rasmussen notice and that a Rasmussen hearing on the gun's admissibility was not held until midtrial, but

defendant has failed to show any prejudice from the lack of notice or the delay in holding the hearing. See, State v. Kluck, 299 Minn. 161, 217 N. W. 2d 202 (1974). We believe that the gun was sufficiently connected to defendant and to the offense charged to be admissible as relevant evidence. The fact that evidence concerning the gun's seizure may have inferentially connected defendant to another crime (violation of a weapons ordinance) does not render the gun's admission erroneous. State v. Martin, 297 Minn. 470, 212 N. W. 2d 847 (1973).

We are not persuaded by defendant's arguments that the prosecutor committed prejudicial misconduct in her closing argument and that the trial court should have instructed the jury that the prosecutor erred in saying that an alibi was easy to claim and hard to disprove. The prosecutor used the phrase "I think" in commenting on the evidence, but we do not believe this prejudiced defendant. State v. Prettyman, 293 Minn. 493, 198 N. W. 2d 156 (1972). The prosecutor's argument concerning the alibi defense was proper. See, State v. Russell, 306 Minn. 553, 235 N. W. 2d 846 (1975).

Affirmed.