STATE of Minnesota, Respondent,

v.

Larry G. SCHULTZ, Appellant.

No. 47284.

Supreme Court of Minnesota.

Jan. 6, 1978.

Rapoport, Singer & Miller, Larry G. Rapoport, and Michael G. Singer, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., Richard G. Evans, Sp. Asst. Atty. Gen., St. Paul, Douglas L. Ruth, County Atty., Owatonna, for respondent.

PER CURIAM.

Defendant, who was found guilty by a district court jury of aggravated rape, Minn.St.1974, § 609.291(2), and indecent liberties, Minn.St.1974, § 609.296, subd. 1(2), appeals from an order denying his post-trial motion for a new trial. The sole issue on appeal is whether the prosecutor committed prejudicial misconduct in his closing argument by expressing his personal opinion of defendant's guilt. While the prosecutor did use expressions of personal opinion, we do not believe that the prosecutor's comments prejudiced defendant. See, *State v. Prettyman*, 293 Minn. 493, 198 N.W.2d 156 (1972).

Although defense counsel did not object to the prosecutor's argument until after the jury retired to deliberate and did not seek curative instructions, the trial court, on its own, did caution the jury that it should consider only the evidence and that counsel's statements were not evidence. Further, the evidence of defendant's guilt was adequate, the closing argument of the prosecutor was otherwise proper, and the trial court, in denying the motion for a new trial, stated that it was convinced the comments did not prejudice defendant. Under all the circumstances, and applying the test of whether the error likely played a substantial part in influencing the jury to convict, we affirm. See, *State v. Caron*, 300 Minn. 123, 218 N.W.2d 197 (1974), and *State v. Prettyman, supra.*

Affirmed.

SHERAN, Chief Justice (dissenting).

I would grant a new trial in this case in the interest of justice because of these unique facts:

(1) The first jury to hear the evidence in this case could not reach a verdict.

(2) The second jury to consider the evidence did agree, but before doing so advised the court that it could not. The jurors were not polled when the guilty verdict was returned.

(3) The medical testimony disclosed only one sign of injury which, according to the transcript, could have occurred at a point in time *after* the alleged crime.

(4) In face of defendant's denial that he had any acquaintance or contact with the complaining witness, the evidence of identification was less certain than one would expect and prefer in a case of this kind.

OTIS, Justice (dissenting).

I join in the dissent of the Chief Justice.

WAHL, Justice (dissenting).

I join the dissent of Mr. Chief Justice Sheran.