**Larry Glenn SCHULTZ, Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 50265.**

Supreme Court of Minnesota.

March 28, 1980.

---

Mary Davidson Winter and John Michael Miller, Minneapolis, for petitioner-appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., and Richard D. Hodsdon, Spec. Asst. Atty. Gen., St. Paul, Douglas Ruth, County Atty., Owatonna, for respondent.

## OPINION

ROGOSHESKE, Justice.

This is a postconviction proceeding. Petitioner was convicted by a district court jury in 1976 of aggravated rape and indecent liberties, Minn.Stat. §§ 609.291(2) and 609.-296, subd. 1(2) (1974). The convictions were affirmed by this court in *State v. Schultz,* 262 N.W.2d 411 (Minn.1978). Thereafter, petitioner sought postconviction relief, raising new issues. The postconviction court, while striking one of the concurrent sentences pursuant to Minn.Stat. § 609.035 (1978), denied petitioner any relief from the convictions. Petitioner on appeal from the order of the postconviction court raises three issues: (1) whether the evidence on the issue of identification was legally sufficient, (2) whether the trial court coerced the jury into reaching a verdict, and (3) whether the trial court, notwithstanding defense counsel's waiver, prejudicially erred in failing to individually poll the jury after the guilty verdicts were announced. We affirm.

Petitioner's first contention, that the evidence on the issue of identification was legally insufficient, was answered by our decision of petitioner's appeal from judgment of conviction. In holding that certain

comments by the prosecutor did not prejudice petitioner, we noted, among other things, that the evidence of petitioner's guilt was adequate. On that basis, we now hold that the evidence on the issue of identification was sufficient.

■ Petitioner next contends that the trial court coerced the jury into reaching a verdict. This claim has no merit. The jury, after deliberating from around 11 a. m. until nearly 11 p. m., reported that it was deadlocked. While the trial court could have given the supplementary instruction approved by this court in *State v. Martin*, 297 Minn. 359, 211 N.W.2d 765 (1973), the trial court, without objection from counsel, instead simply asked the jury to retire and consider whether it was hopelessly deadlocked or whether it wished to adjourn, spend the night in a hotel, and reconvene for further deliberations in the morning. The jury chose the latter course and reached agreement the following morning after resuming deliberations. In instructing the jury as it did, the trial court maintained a completely neutral stance and did not apply any improper pressure to the jury to reach a verdict. *See* ABA Standards for Criminal Justice, Trial by Jury, comment to § 5.4(b) (Approved Draft 1968); *United States v. United States Gypsum Co.*, 438 U.S. 422, 98 S.Ct. 2864, 57 L.Ed.2d 854 (1978); *Jenkins v. United States*, 380 U.S. 445, 85 S.Ct. 1059, 13 L.Ed.2d 957 (1965).

■ Petitioner's final contention is that the trial court prejudicially erred in failing to have the jurors individually polled after they returned their guilty verdict. R.Crim.P. 26.03, subd. 19(5), provides:

When a verdict is rendered and before the jury has been discharged, the jury shall be polled at the request of any party or upon the court's own motion. The poll shall be conducted by the court or clerk of court who shall ask each juror individually whether the verdict announced is his verdict. If the poll does not conform to the verdict, the jury may be directed to retire for further deliberation or may be discharged.

Here the clerk asked the court if the court wished to have the jury polled and the court said not unless defense counsel wished it polled, to which defense counsel responded no. While there may be cases in which the trial court's failure to poll the jury might be a factor in reversing a conviction notwithstanding defense counsel's waiver or forfeiture of the right, this is not such a case.

Affirmed.