Larry G. SCHULTZ, Petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. 82–490.

Supreme Court of Minnesota.

Nov. 12, 1982.

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Douglas L. Ruth, County Atty., Owatonna, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Larry G. Schultz, age 34, from an order of the Steele County District Court denying his petition for post-conviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner was convicted in 1976 of aggravated rape and indecent liberties. Those convictions were affirmed by this court in *State v. Schultz*, 262 N.W.2d 411 (Minn.1978). Petitioner was subsequently sentenced to prison terms of 30 years for the aggravated rape and 4 years for the indecent liberties, but the 4-year term for the indecent liberties was subsequently vacated pursuant to Minn.Stat. § 609.035 (1978). Petitioner was paroled on April 21, 1982, following the denial of his petition for resentencing. One of the requirements of his parole was that he complete a chemical dependency program at the State Hospital at St. Peter. On April 23, 1982, petitioner absconded from the program. His parole was revoked the following day.

Aggravated rape translates into criminal sexual conduct in the first degree, a severity level VIII offense. If the Sentencing Guidelines had been in effect at the time of the offenses in 1976, petitioner's criminal history score at the time of sentencing would have been one. The presumptive sentence for a severity level VIII offense by a person with a criminal history score of one is 54 months in prison. If petitioner were resentenced to the presumptive sentence, he would be entitled to immediate discharge from sentence.

Petitioner is a violent offender with a record of recidivism. In addition to the 1976 convictions, his felony record consists of a 1969 conviction of aggravated assault and a 1978 conviction of aggravated assault. Petitioner had the burden of overcoming these negative factors and proving that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. The district court concluded that petitioner failed to meet this burden, and

we agree. *State v. Champion*, 319 N.W.2d 21 (Minn.1982).

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.