**STATE of Minnesota, Respondent,**

v.

**John E. JENSEN, Appellant.**

**No. C8–84–109.**

Court of Appeals of Minnesota.

July 3, 1984.

Thomas J. O'Connor, Bloomington, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Marcia Rowland, Carver County Atty., Chaska, for respondent.

Considered and decided by LANSING, P.J., and FOLEY and LESLIE, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Defendant appeals a DWI conviction. We affirm.

## FACTS

Trooper Charles Reinitz stopped defendant James Jensen after defendant swerved across the center line and almost hit the trooper's car. Reinitz cited defendant for "over the center line" and told him he would have to post bail on the citation because he had an out-of-state driver's license. Reinitz told appellant to follow Trooper Jeffrey Gladfelter, who had just arrived, to the Carver County Sheriff's Office.

When defendant got out of his car at the sheriff's office, Gladfelter noted that defendant wobbled and smelled of alcohol, and that his speech was slurred. Gladfelter arrested and charged defendant with violating Minn.Stat. § 169.121, Subd. 1(d) (1982) (driving with an alcohol concentration of .10 or more). A breathalyzer test revealed an alcohol concentration of .11. Defendant admitted drinking eight beers in two hours.

At trial Reinitz testified that he saw defendant swerve across the center line, but could not smell alcohol on defendant's breath because he had a bad sinus condition. Gladfelter, who testified to observing that defendant was intoxicated, saw no erratic driving by defendant. The operator who administered the breath test testified and was cross examined at length about the administration and the reliability of the test.

Defendant objected to the admission of business records to show the breathalyzer was working properly, to the court's refusal to give a lesser included offense instruction for "over the center," and to the prosecutor's comment on Gladfelter's veracity.

## ISSUES

1. May the collective perceptions of two troopers satisfy the presence requirement for a warrantless misdemeanor arrest?

2. Did the prosecutor's comment on the veracity of a witness constitute misconduct warranting reversal?

3. Did the trial court err by refusing to give the jury a lesser included offense instruction on over the center line?

4. Did the admission of business records relating to the reliability of the breathalyzer test violate defendant's constitutional right of confrontation?

## ANALYSIS

I.

Under Minn.Stat. § 629.34, Subd. 1 (1982), an officer may make a warrantless misdemeanor arrest only if the offense is

attempted or committed in his presence. Defendant argues that his arrest was illegal because Gladfelter did not have a warrant and did not witness any erratic driving.

The purpose of the presence requirement is to prevent warrantless misdemeanor arrests based on information from third parties.

When the basis of the officer's belief that the defendant has committed a misdemeanor is information imparted to him by, say, victims, witnesses or informers, he must present the evidence to a magistrate and seek an arrest warrant. He may not act on his own appraisal of the reasonableness of the information.

Another police officer is not a third person within that policy. Courts in other jurisdictions have developed a "police team" qualification of the presence requirement, permitting officers who are working together on a case to combine their collective perceptions so that if the composite otherwise satisfies the presence requirement that requirement is deemed satisfied although the arresting officer does not himself witness all the elements of the offense.

*People v. Dixon,* 392 Mich. 691, 222 N.W.2d 749, 751 (1974) (footnote omitted).

In this case one trooper saw defendant's car swerve across the center line. Another saw signs that defendant was intoxicated. Their combined perceptions satisfy the presence requirement.

### II.

Defendant argues that the trial court should have declared a mistrial because the prosecutor in his closing argument commented that he did not believe Reinitz falsified that his sinuses were acting up. The prosecutor should not have interjected his opinion. *State v. Prettyman,* 293 Minn. 493, 198 N.W.2d 156 (1972). However, such comments, although always wrong, are not always prejudicial. This single error was unlikely to have "played a substantial part in influencing the jury to convict." *State v. Caron,* 300 Minn. 123, 128, 218 N.W.2d 197, 200 (1974). Therefore, it is not reversible error.

### III.

Defendant also contends that the court should have instructed the jury on "across the center line" as a lesser included offense. A trial court "has to submit a lesser offense only if it is a so-called lesser-included offense and only if there is evidence that produces a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the lesser offense." *State v. Edwards,* 343 N.W.2d 269, 274 (Minn.1984). Over the center line is not as a matter of law a lesser included offense of driving with an alcohol concentration of .10 or more.

### IV.

Testimony of the reading obtained by a breathalyzer test conducted by a certified operator may be admitted without antecedent expert testimony if it is established that the machine was in proper working order and the chemicals in proper condition. *State v. Quinn,* 289 Minn. 184, 182 N.W.2d 843 (1971).

Defendant argues that the state violated his right of confrontation by using business records to establish that the machine and chemicals were in working order. The records to which defendant objects include a breathalyzer checklist, a simulator solution test record, a simulator solution verification, a breathalyzer reagent checklist, and breathalyzer certification records. All were properly admitted under the business records exception to the hearsay rule.

The admission of business records raises confrontation problems only where they are offered to prove an essential element of the crime or connect the defendant directly to the commission of the crime. *State v. Matousek,* 287 Minn. 344, 178 N.W.2d 604 (1970). The records in this case were not offered to establish an essential element of the crime or to tie defendant to its commission. They were merely col-

lateral evidence of the reliability of the breathalyzer test.

Defendant did confront and extensively cross examine the certified breathalyzer operator who testified that defendant had a reading of .11. The operator testified that before administering defendant's breath test he conducted both a room air test and a simulator solution test to verify that the machine and chemicals were in working order. Both tests yielded expected results. "This would seem to be almost incontrovertible proof not only that the chemicals are proper but that the instrument is in working order." *State v. Habisch,* 313 N.W.2d 13, 16 (Minn.1981) (quoting Watts, *Some Observations on Police-Administered Tests for Intoxication,* 45 N.C.L.Rev. 34, 87 (1966)).

## DECISION

We affirm defendant's DWI conviction.