**Patrick Owen HENRY, petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

**No. C6–84–996.**

Court of Appeals of Minnesota.

Oct. 30, 1984.

Fredrick L. Grunke, St. Cloud, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close, Asst. Atty. Gen., Kathleen L. Winters, Special Asst., St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., HUSPENI, and FORSBERG, JJ., with oral argument waived.

### OPINION

HUSPENI, Judge.

The Commissioner of Public Safety appeals from a trial court order rescinding

the Commissioner's revocation of respondent Patrick Owen Henry's driver's license. The trial court granted respondent's motion for a directed verdict after concluding that respondent was not lawfully arrested. The Commissioner contends that respondent was lawfully arrested either because (1) the combined perceptions of two police officers satisfy the presence requirement for a warrantless misdemeanor arrest, or (2) the misdemeanor offense was committed in the presence of the officer who made the arrest, or (3) two officers made a joint arrest. We reverse.

## FACTS

On March 16, 1984, Officer Robert Jensen of the Sauk Centre Police Department observed a vehicle traveling 42 miles per hour in a 30 mile per hour zone. He turned on the red lights in his car and followed the vehicle, but it did not stop until Henry parked in a parking lot behind his house. Jensen radioed to Sergeant Amar Himsl and asked for assistance.

Jensen detained Henry as he was walking towards his house and asked for his driver's license. He observed that Henry's speech was slurred, his walk was unsteady, his pants were wet, and he had a strong odor of alcohol about him. Jensen administered two field sobriety tests. Henry failed both.

When Sergeant Himsl arrived, Jensen told him about the stop and the field sobriety tests, and said that he believed that Henry was intoxicated. Jensen searched Henry's car while Himsl administered additional field sobriety tests. Himsl observed that Henry's speech was slurred, he was stuttering, his balance was poor, his eyes were bloodshot and watery, and he had a moderate aroma of alcohol on his breath. Himsl formed the opinion that Henry was under the influence of alcohol.

Himsl told Jensen that Henry failed the additional tests and said, "Let's bring him in, he's intoxicated."

Both Jensen and Himsl testified that Jensen placed Henry under arrest. Both also testified that they both placed him under arrest. Jensen testified that Himsl said the words "You're under arrest." Himsl said they both said he was under arrest.

The court found that Himsl arrested Henry, and that the arrest was unlawful because Himsl did not observe Henry's speeding. The court rejected any application of the "police team" qualification of the presence requirement for a warrantless misdemeanor arrest.

## ISSUE

Did the combined perceptions of two officers satisfy the presence requirement for a warrantless misdemeanor arrest?

## ANALYSIS

Under the circumstances of this case, a lawful arrest for a violation of Minn.Stat. § 169.121 (Supp.1983) is necessary before a person can be required to submit to chemical testing. *See* Minn.Stat. § 169.123, subd. 2 (Supp.1983). An officer may make a warrantless misdemeanor arrest only if the offense is attempted or committed in his presence. Minn.Stat. § 629.34, subd. 1 (1982).[1] The Commissioner contends that the trial court erroneously rejected the team theory of police work as a means of satisfying the in-presence requirements of Minn.Stat. § 629.34, subd. 1. We agree.

In *State v. Jensen*, 351 N.W.2d 29 (Minn.Ct.App.1984), this court pointed out that the purpose of the presence requirement is to prevent warrantless misdemeanor arrests based on information from third parties. *Id.* at 32. The "police team" qualification of the presence requirement permits officers who are working together to combine their collective perceptions to satisfy the presence requirement; thus, the arresting officer does not need to witness all of the elements of the misdemeanor

1. 1984 Minn.Laws Ch. 622, § 6, effective after this arrest, authorizes arrests upon probable cause for violations of Section 169.121, subd. 1, without regard to whether the violation was committed in the officer's presence.

offense. *Id.* (citing *People v. Dixon*, 392 Mich. 691, 222 N.W.2d 749, 751 (1974)).

In this case there is no doubt that Henry was arrested. It is unnecessary for us to address the question of who arrested him for, even if he was arrested by Himsl alone, Himsl's observance of the signs that Henry was intoxicated, along with Jensen's observance of Henry's speeding, satisfies the presence requirements for a warrantless misdemeanor arrest. An arrest by Jensen alone would also have satisfied the requirements of Minn.Stat. § 629.34, subd. 1, since he observed both the speeding and signs that Henry was intoxicated.

### DECISION

The warrantless misdemeanor arrest of respondent was lawful. Therefore we reverse the trial court's decision.

Reversed.