**Lillian Virginia DUNN, Appellant,**

**v.**

**STATE of Minnesota, Respondent.**

**No. C0–92–1669.**

Supreme Court of Minnesota.

April 30, 1993.

John M. Stuart, State Public Defender, Susan K. Maki, Asst. State Public Defender, Minneapolis, for appellant.

Lillian V. Dunn, pro se.

Hubert H. Humphrey, III, Atty. Gen., and Tom Foley, Ramsey County Atty., Darrell C. Hill, Asst. County Atty., St. Paul, for respondent.

Heard, considered and decided by the court en banc.

WAHL, Justice.

Appellant Lillian Dunn is before this court for the second time appealing the denial of a petition for postconviction relief. In *Dunn v. State*, 486 N.W.2d 428, 433 (Minn.1992), we affirmed the postconviction court as to the sufficiency of the evidence supporting Dunn's conviction of first degree felony murder and as to the admissibility of certain videotaped and photographic evidence, but remanded for consideration of defendant's *pro se* allegation that she was denied a fair trial because one of the jurors was a relative of the officer who arrested her. On the record before us, we find appellant's claim to be without merit and affirm the order of the postconviction court denying relief.

During voir dire, prospective juror Lawrence Larson told the court that officer Archie Smith, a potential witness, was his wife's uncle. In response to follow-up questioning by defense counsel, Larson stated that he probably saw Smith only once a year, at which time they would talk for only ten minutes. Counsel had a favorable impression of Larson and decided not to exercise a peremptory challenge against him. Sixteen days into trial, when the state called Officer Smith for the sole purpose of establishing chain of custody of appellant's purse, defense counsel, after consulting with appellant, stipulated to Smith's testimony but objected to admission of the contents of the purse.

Dunn claims she was denied effective assistance of counsel when her attorneys failed to exercise a peremptory challenge to exclude Larson from the jury and later failed to request a *Schwartz* hearing. The trial court found no need for an evidentiary hearing because "the petition, files, records and affidavits conclusively show the petitioner is not entitled to relief," citing *Morgan v. State*, 384 N.W.2d 458, 459 (Minn.

1986). On the basis of those documents, the trial court determined appellant was not denied effective assistance of counsel or a fair trial and denied the petition for postconviction relief.

■ The scope of appellate review from a denial of postconviction relief is limited to ascertaining whether there is sufficient evidence in the record to support the findings of the lower court. *State v. Bliss*, 457 N.W.2d 385, 391 (Minn.1990).

■ To prevail in her claim of ineffective assistance of counsel, appellant "must demonstrate not only that certain conduct or errors of counsel were unreasonable, but that [she] was constitutionally prejudiced thereby." *State v. Eling*, 355 N.W.2d 286, 293 (Minn.1984); *see also Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, appellant has not shown that counsel's trial strategy was unreasonable. Counsel questioned Larson about his relationship to Officer Smith and, satisfied that no real risk of bias existed, reasonably decided not to exercise a peremptory challenge against him. Where, as here, "[the] record affords no basis for second-guessing the experienced public defender's jury selection tactics as mistaken or improvident[,]" representation should be found effective. *State v. Prettyman*, 293 Minn. 493, 494, 198 N.W.2d 156, 158 (1972). Similarly, counsel's decision not to move for a *Schwartz* hearing was not unreasonable where the record gives no indication of misconduct by Larson. *See State v. Anderson*, 379 N.W.2d 70, 80 (Minn.1985), *cert. denied*, 476 U.S. 1141, 106 S.Ct. 2248, 90 L.Ed.2d 694 (1986) (*Schwartz* hearing not mandated until prima facie case of juror misconduct has been established). Second, appellant has not demonstrated how she was prejudiced by the alleged inadequacies of her attorneys' performance. *See Gates v. State*, 398 N.W.2d 558, 562 (Minn.1987) ("defendant must show that counsel's errors 'actually' had an adverse effect in that but for the errors the result of the proceeding probably would have been different.").

Because appellant has failed to show that her trial counsel acted unreasonably and that she was constitutionally prejudiced thereby, we affirm the order of the post-conviction court denying relief on appellant's claim of ineffective assistance of counsel.

Affirmed.