*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0853**

State of Minnesota,
Respondent,

vs.

Joshua Scott Leithe,
Appellant.

**Filed May 2, 2016
Affirmed
Ross, Judge**

Hennepin County District Court
File No. 27-CR-13-14102

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, J. Michael Richardson, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Frank R. Gallo, Assistant Public Defender, St. Paul, Minnesota (for appellant)


        Considered and decided by Reyes, Presiding Judge; Ross, Judge; and Klaphake, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**ROSS**, Judge

Appellant Joshua Leithe pleaded guilty to and was convicted of third-degree assault for his involvement in a fight at a Minneapolis bar that left Z.M. injured. Leithe petitioned to withdraw his guilty plea before his sentencing. The district court denied Leithe's petition, and we affirm that decision as falling within the district court's discretion.

**FACTS**

Joshua Leithe was involved in a fracas outside a Minneapolis bar in April 2013, resulting in the state charging him with two offenses: second-degree assault and second-degree assault for the benefit of a gang. Represented by counsel, Leithe entered into a plea agreement and pleaded guilty in October 2014.

Leithe admitted to the following facts when he submitted his guilty plea. According to Leithe, Leithe was sitting in his car outside a bar when Z.M. approached and tapped on the window with what Leithe believed was a pocket knife. The two men argued. Z.M.'s friend pulled Z.M. away from Leithe while Z.M. yelled profanities and swung his knife at Leithe. At some point, Leithe's friend left the bar and, seeing the turmoil, charged after Z.M. Leithe says he warned his friend and then struck Z.M., intending only to disarm him and to protect his friend. Then Leithe fled.

Leithe informed the district court that he was pleading guilty to third-degree assault to avoid the risk of being found guilty and receiving a lengthier prison sentence for second-degree assault. He said that he understood what he was doing and that he was not under the

influence of any substance that might affect his plea decision. The district court accepted Leithe's guilty plea.

Two weeks later, however, Leithe was represented by a different attorney and moved to withdraw his plea. The district court denied Leithe's motion and sentenced him to 26 months in prison. This appeal follows.

## D E C I S I O N

Leithe argues on appeal that he received constitutionally deficient assistance of counsel before he entered his guilty plea. He also maintains that the district court abused its discretion by denying his motion to withdraw his guilty plea. Neither argument convinces us to reverse.

## I

We first address Leithe's argument that he received constitutionally deficient legal counsel before he entered his guilty plea. The Sixth Amendment affords criminal defendants the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685–86, 104 S. Ct. 2052, 2063 (1984). We will reject a claim of ineffective assistance unless the claimant establishes, among other things, that his attorney's performance was objectively unreasonable. *Id.* at 687–88, 104 S. Ct. at 2064. We follow "a strong presumption" that the attorney's conduct was within "the wide range of reasonable professional assistance." *Id.* at 689, 104 S. Ct. at 2065. Leithe does not make the threshold showing of objective unreasonableness.

Leithe first argues that his attorney improperly advised him of the duty to retreat in relation to the law of defense of another. Defense of another parallels self-defense. *See*

*State v. Granroth*, 294 Minn. 491, 492 n.2, 200 N.W.2d 397, 399 n.2 (1972). One element of self-defense is the lack of the reasonable possibility to retreat to avoid the danger. *State v. Basting*, 572 N.W.2d 281, 285 (Minn. 1997). Leithe fails to identify any instruction his attorney should have provided him either as to his or as to his friend's duty to retreat before Leithe attacked. The district court therefore correctly concluded that Leithe failed to establish that his attorney's advice was objectively unreasonable.

Leithe charges that his attorney failed to investigate his case before the plea. But the charge is belied by the fact that Leithe goes on to challenge the manner in which the attorney conducted the investigation. To the extent that Leithe challenges the quality of the investigation, the challenge leads us into the broad range of the discretion afforded to trial counsel. *Opsahl v. State*, 677 N.W.2d 414, 421 (Minn. 2004) (noting that the "extent of counsel's investigation is considered a part of trial strategy," which this court generally does not review). Leithe's related contention that his attorney should have interviewed a potential witness in the presence of the investigator falls into this same category. The Sixth Amendment is not concerned with an attorney's conduct that might, with the benefit of hindsight, appear less than perfect. It is troubled instead only by objectively unreasonable and therefore constitutionally deficient representation. The investigation here survives that test.

Leithe maintains that his attorney had no trial strategy whatsoever. But avoiding trial can be (and often is) a reasonable strategy. *See Brown v. State*, 292 Minn. 174, 177–78, 193 N.W.2d 613, 615–16 (1972) (discussing plea bargain as best possible trial strategy). Leithe raises other concerns, none of which convinces us of any constitutional

4

infirmity. We have carefully examined all his allegations and the controlling caselaw, and we are satisfied that Leithe has not presented a persuasive case for ineffective assistance of counsel under *Strickland*.

## II

We turn to Leithe's argument that the district court abused its discretion by denying his motion to withdraw his guilty plea. A defendant has no absolute right to withdraw a guilty plea, and whether to allow withdrawal falls within the district court's discretion. *State v. Raleigh*, 778 N.W.2d 90, 93, 97 (Minn. 2010). The district court may allow a defendant to withdraw a plea before sentencing if doing so is fair and just, weighing the defendant's reasons and any competing prejudice to the state's case. Minn. R. Crim. P. 15.05, subd. 2.

Leithe contends that the district court should have permitted him to withdraw his plea for two reasons (in addition to his attorney's alleged ineffective assistance, which we have already addressed). He first argues that the district court erred by failing to inquire as to whether he was satisfied with his attorney's representation and whether he was coerced into taking the plea. He next argues that the district court erred when it evaluated the voluntariness of his plea in light of the emotional pressure he faced.

We reject Leithe's contention that the district court erred by failing to inquire into Leithe's satisfaction with his attorney or whether he felt coerced into pleading guilty. It is true that the district court judge must "ensure" that the defendant is satisfied with his counsel and that he was not threatened or otherwise improperly persuaded to plead guilty. Minn. R. Crim. P. 15.01, subd. 1(4). But Leithe provided the necessary assurance by

5

signing the plea petition, in which he avowed that he was "satisfied that [his] attorney ha[d] represented [his] interests and ha[d] fully advised [him]." *See Williams v. State*, 760 N.W.2d 8, 14–15 (Minn. App. 2009) (concluding that the district court did not err by "summarily rejecting" the defendant's claim that her plea was involuntary in the face of her acknowledgements in her plea petition), *review denied* (Minn. Apr. 21, 2009).

We also reject Leithe's contention that the district court was bound to allow him to withdraw his plea because he was emotional when he pleaded guilty, affecting the voluntariness of his plea. The requirement that a plea be voluntary "ensures a defendant is not pleading guilty due to improper pressure or coercion." *Raleigh*, 778 N.W.2d at 96. Emotion, even open displays of emotion, might reasonably accompany a defendant's admission of guilt. Whatever one might infer from Leithe's emotion at the plea hearing, Leithe confirmed by signing the plea worksheet that he was pleading guilty "freely and voluntarily." Our review of the plea-hearing transcript corroborates this by his repeatedly stating that he wanted to plead guilty to avoid the risk associated with trial. This reasoning demonstrates voluntariness, not involuntariness. *See State v. Ecker*, 524 N.W.2d 712, 719 (Minn. 1994). It is true, as Leithe maintains, that the district court addressed Leithe's allegations individually. But this does not mean that the court failed to adequately consider the plea circumstances in their totality.

We are satisfied that the district court did not abuse its discretion when it denied Leithe's plea-withdrawal request, having reasonably determined that Leithe did not provide fair and just reasons to withdraw his plea.

**Affirmed.**