## STATE v. PHILLIP B. MATTHEWS.

221 N. W. 2d 563.

September 6, 1974—No. 44067.

C. Paul Jones, State Public Defender, and Mark W. Peterson, Assistant State Public Defender, for appellant.

Warren Spannaus, Attorney General, Jonathan H. Morgan, Solicitor General, Peter W. Sipkins, Assistant Solicitor General,

and *Jerome L. Getz,* Special Assistant Attorney General, for respondent.

PER CURIAM.

Defendant, charged with first-degree murder and found guilty by a district court jury of the lesser included offense of second-degree murder, contends on this appeal that (1-2) the trial court prejudicially erred in refusing to admit certain evidence concerning past acts of violence by the victim allegedly relevant to the issue of defendant's state of mind at the time of the killing and expert testimony concerning defendant's motivation for the killing, and (3) the prosecutor made a prejudicially improper closing argument. We hold that although error was committed, a new trial is not warranted.

1. In State v. Keaton, 258 Minn. 359, 367, 104 N. W. 2d 650, 656 (1960), this court stated:

"* * * Evidence of the victim's reputation for violence and quarrelsomeness may properly be shown for the purpose of determining (1) whether the defendant was reasonably put in apprehension of serious bodily harm, or (2) who, in fact, was the aggressor. Where the latter purpose is involved it is not necessary that the victim's reputation be known to the defendant. However, it is settled in this jurisdiction that evidence of a specific act of violence is not admissible *for this purpose.*" (Italics supplied.)

In this case the issue is whether evidence of a specific act of violence is admissible for the other purpose, that is, determining whether the defendant was reasonably put in apprehension of serious bodily harm. Having considered this matter carefully, we believe that the better rule is that advocated by Wigmore, that evidence of a specific act of violence is admissible in the discretion of the trial court where commonsense indicates that these acts could legitimately affect a defendant's apprehensions. 2 Wigmore, Evidence (3 ed.) § 248. To the extent that prior cases are

inconsistent—see, e. g., State v. Ronk, 91 Minn. 419, 98 N. W. 334 (1904)—we overrule those prior cases.

Applying this rule, we believe that the trial court, although admitting for this purpose some evidence of prior assaults by the victim on defendant, was nonetheless unduly restrictive with respect to admission of such evidence.

However, it does not necessarily follow that the error was prejudicial. Erroneous refusal to admit this evidence was prejudicial only if it appears likely that had the jury had more details concerning the victim's prior assaults on defendant, it would have either acquitted defendant or found him guilty of a lesser offense. We believe that it is extremely unlikely that the jury would have acquitted defendant had this evidence been admitted. This is because defendant's confession as well as his testimony at trial negated self defense. Not only did defendant make no attempt to retreat, but at the time he fired the fatal shot he had no reasonable grounds for believing that he was in danger since he was armed and the victim was not.

Similarly, we think it is unlikely that had it had this evidence the jury would have found defendant guilty only of heat-of-passion manslaughter. As we have indicated, the jury did have before it considerable evidence of the victim's prior conduct. Additionally, the defendant's testimony really does not support a finding that he was in heat of passion when he fired the fatal shot. Beyond this, sufficient time had elapsed between the victim's last assault upon defendant and the time defendant fired the fatal shot that any reasonable passion on defendant's part should have subsided.

2. Defendant's second contention is that the trial court erred in refusing to allow a clinical psychologist to state his opinion as to whether defendant was motivated by fear for his personal safety when he shot and killed the victim. Defendant apparently contends that admission of expert testimony on this matter would have aided the jury in deciding whether defendant killed in heat of passion since heat of passion may be caused by fear

as well as by anger. State v. Miller, 151 Minn. 386, 186 N. W. 803 (1922).

Although the issue may be close, we believe that the subject matter of the proposed opinion was within the range of common knowledge and that the jury was capable of deciding for itself, without any expert testimony, whether defendant feared for his life when he killed the victim. This being so, the trial court did not abuse its discretion in refusing to admit this evidence. See, Hestad v. Pennsylvania Life Ins. Co. 295 Minn. 306, 204 N. W. 2d 433 (1973); Carmody v. Aho, 251 Minn. 19, 86 N. W. 2d 692 (1957).

3. With respect to the prosecutor's closing argument, we note with disapproval the prosecutor's frequent statements of personal opinion, expressions which we condemned in State v. Prettyman, 293 Minn. 493, 198 N. W. 2d 156 (1972). Although improper, the argument for several reasons does not require reversal. First, defense counsel did not object to any part of the closing argument. Had he done so when the prosecutor first expressed his personal opinion, the prosecutor might have refrained from doing so thereafter. Second, the fact that the jury acquitted defendant of first-degree murder—a conviction of which the prosecutor vigorously sought—suggests that the prosecutor's argument did not substantially influence the jury's thinking. Third, as we stated earlier, defendant's confession and his trial testimony seem to negate his argument that he shot in self defense or that at most he was guilty only of heat-of-passion manslaughter.

Affirmed.