STATE of Minnesota, Respondent,

v.

George Creede RULE, Appellant.

No. C5-84-651.

Court of Appeals of Minnesota.

Oct. 9, 1984.

John D. Durfee, Duluth, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Janet A. Newberg, Sp. Asst. Atty. Gen., St. Paul, Bruce Anderson, Lake County Atty., Two Harbors, for respondent.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Appellant George Rule was convicted by a jury of assault in the second degree in violation of Minn.Stat. § 609.222 (1982) fol-

lowing a dispute with a neighbor in which appellant allegedly pointed a gun at the victim. Appellant tried to show at trial that he and the victim had a long-standing feud and that at the time of the incident he was acting in self-defense. He claims on appeal the trial court improperly restricted him from showing the victim committed an act of "terror" against him six years earlier and precluded him from showing other acts prior to that date. He also claims he is entitled to a new trial because of prosecutorial misconduct. We reverse and remand for new trial.

## FACTS

Appellant and Barry Johnson live within 200 to 300 feet of each other on Mitawan Lake, Minnesota. They have known each other for about 20 years. At time of trial appellant was 60 years old and Johnson was 42.

On September 7, 1983 appellant was working on the brakes of his dump truck at his home. The truck rolled away substantially blocking the road. At this time, Barry Johnson and his 15 year old son Mark were returning home. Johnson stopped his car because of the interference.

During the ensuing argument, appellant allegedly pulled a gun and pointed it at Johnson.

Johnson and appellant did not get along. They had not spoken to each other for about one year prior to the incident. The two men had both made obscene gestures to each other many times over the years. Johnson reported appellant to the authorities once for selling gasoline without a permit. Johnson's son Mark picked on appellant's daughter on the school bus and called both her and her mother names. Johnson hit appellant in the stomach with the back of his hand at a Halloween dance in 1981.

Defense counsel attempted to demonstrate a history of violence towards appellant by Johnson. Appellant claimed self-defense, based on his fear of Johnson because of a 1977 incident where Johnson "terrorized" him, and earlier unspecified incidents.

The trial court limited evidence of specific incidents occurring between the two men to a two year period prior to the present incident. The jury convicted appellant of assault in the second degree.

## ISSUE

1. Did the trial court err in limiting evidence of prior specific instances of violent conduct by the victim toward the defendant to two years prior to the incident?

2. Did the prosecutor commit prejudicial misconduct?

## ANALYSIS

### I.

■ Evidence of prior specific instances of violent conduct by the victim committed against the defendant is admissible in the discretion of the court on the issue of whether the defendant was reasonably put in apprehension of the victim. *State v. Matthews*, 301 Minn. 133, 221 N.W.2d 563 (1974). This evidence is relevant to a defendant's assertion of self-defense. In *State v. Bland*, 337 N.W.2d 378 (Minn. 1983), the supreme court explained self-defense by saying:

> The person may use force to defend himself against an assault if he believes it to be reasonably necessary and if it would appear to a reasonable person under similar circumstances to be reasonably necessary, with the amount of force used to defend himself being limited to that which a reasonable person in the same circumstances would believe to be necessary.

Here, the court determined that any incidents before September 1981 were too remote and could not reasonably have affected appellant's apprehensions of Johnson at the time of the incident.

■ The trial court's ruling was not error. In making a "common sense" determination, *Matthews*, 301 Minn. at 134, 221 N.W.2d at 564, the trial court determined

that based on relevancy grounds and the fact that there was no evidence of any continuous course of conduct by Johnson towards appellant, the evidence of past conduct was inadmissible. The trial court stated:

> [W]hen you live side by side for a period of years I think that the more modern events need to be described rather than ancient history.

We agree that an episode occurring in 1977, more than six years before, would not legitimately affect appellant's apprehension here.

## II.

Appellant claims the prosecutor committed misconduct in his closing argument. The prosecutor argued, over objection, that appellant had totally failed to show a history of bad blood between the parties that would justify self defense.

We agree with appellant that this was an improper argument because it suggests that defendant failed to call witnesses to support his self-defense claim and indicates that a defendant has a burden of disproving the case against him. This is particularly true in light of the trial court's ruling that prior instances of violent conduct over more than two years old were inadmissible.

"The duty of the prosecutor is to present the case fairly and argue it fairly." *State v. Jones*, 277 Minn. 174, 188, 152 N.W.2d 67, 78 (1967). It is well-settled that an argument by the prosecutor concerning the failure of the defendant to produce witnesses is improper. *State v. Fields*, 306 Minn. 521, 237 N.W.2d 634 (1976).

The standard for reviewing whether prosecutor misconduct is harmless depends on how egregious the conduct is.

> [I]n cases involving unusually serious prosecutorial misconduct this court has required certainty beyond a reasonable doubt that the misconduct was harmless before affirming. * * * On the other hand, in cases involving less serious prosecutorial misconduct this court has ap-

plied the test of whether the misconduct likely played a substantial part in influencing the jury to convict.

*State v. Caron*, 300 Minn. 123, 127–128, 218 N.W.2d 197, 200 (1974).

The misconduct here likely played a substantial part in influencing the jury to convict. The improper comments may have tipped the balance in the State's favor, and thus a new trial is warranted.

## DECISION

The trial court did not err in limiting evidence of prior specific instances of violent conduct by the victim toward the appellant to within two years of the date of the alleged offense. However, the prosecutor committed prejudicial misconduct when he commented on the failure of appellant to show a long period of irritation between the victim and the appellant when the appellant was precluded from showing this because of the trial court's earlier ruling. In light of the closeness of the case, the prosecutor's comment was not harmless error. Appellant is entitled to a new trial because the misconduct likely played a substantial part in influencing the jury.

Reversed and remanded for new trial.