STATE of Minnesota, Respondent,

v.

Mona Lisa TURNER, Appellant.

No. C5–83–932.

Supreme Court of Minnesota.

Dec. 14, 1984.

C. Paul Jones, Public Defender, Robert D. Goodell, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., Thomas J. Foley, County Atty., Stevern C. DeCoster, Asst. County Atty., St. Paul, for respondent.

SCOTT, Justice.

Defendant was charged by indictment with assault in the second degree, Minn. Stat. § 609.222 (1982) (assault with a dangerous weapon), and assault in the third degree, section 609.223 (assault involving infliction of substantial bodily harm). A district court jury found defendant guilty of assault in the second degree, not guilty of assault in the third degree, and guilty of the lesser-included offense of misdemeanor assault, section 609.224(2) (assault involving infliction of or attempted infliction of bodily harm). The trial court sentenced defendant to 54 months in prison, which was the presumptive sentence under section 609.11 and Minnesota Sentencing Guidelines and Commentary, II.E. (1982).[1] On appeal, defendant—who is free on bail pending appeal—seeks a new trial because (1) the prosecutor elicited evidence that defendant did not have a permit for the gun she used, (2) the trial court erred in excluding evidence vital to defendant's claim of self defense, and (3) the trial court erred in failing to include an instruction on self defense when it responded to a request by the jury to repeat the elements of the offenses. We affirm.

This prosecution arose from an incident in which defendant fired a .22 caliber revolver at an unarmed female acquaintance. The bullet grazed the victim's temple and two fingers of her right hand, which the victim raised instinctively in self defense when defendant fired the gun. Defendant claimed that the shooting was accidental but this testimony was contradicted by the defendant's own witness as well as by the victim and two other eyewitnesses who testified for the state. Defendant fled the scene after the shooting but was arrested a short time later.

■ 1. Defendant's first contention is that the prosecutor committed misconduct in eliciting testimony on cross-examination of defendant that defendant did not have a permit for the gun she used. We agree with the defendant that the prosecutor acted improperly in eliciting this testimony. *State v. Underwood*, 281 N.W.2d 337 (Minn.1979) (holding, in a case in which there was strong evidence of self defense,

---

1. In 1983 the Sentencing Guidelines Commission retroactively changed the presumptive sentence for a 3-year mandatory minimum term offense from 54 months to 36 months to reflect the fact that good time can now be earned off of a mandatory minimum term.

that prosecutor's elicitation of such evidence was prejudicial). However, defense counsel did not object to the prosecutor's question or seek a curative instruction. Further, the evidence of defendant's guilt was overwhelming. Under the circumstances, we conclude that the error does not require granting defendant a new trial. *State v. Bland*, 337 N.W.2d 378 (Minn. 1983), and *State v. Swanson*, 307 Minn. 412, 240 N.W.2d 822 (1976) (affirming convictions notwithstanding the improper elicitation of such evidence).

■ 2. Defendant's second contention is that the trial court prejudicially erred in excluding some evidence about past acts of violence by the victim against defendant and about the victim's reputation for violence. For a detailed discussion of when the trial court should admit specific evidence of prior acts of violence by the victim of an assault with which the defendant is charged, *see, State v. Bland*, 337 N.W.2d 378, 382–84 (Minn.1983). We need not decide whether the trial court erred in this case in excluding the evidence in question. The excluded evidence was cumulative to other similar evidence that was admitted. In view of the strength of the state's evidence against defendant, it is extremely unlikely that admitting the excluded evidence would have led to a different result.

■ 3. Defendant's final contention is that the trial court prejudicially erred in failing to include an instruction on self defense when it responded to a request by the jury to repeat the elements of the offenses. Minn.R.Crim.P. 26.03, subd. 19(3), para. 2, which deals with responding to jury requests for additional instructions, provides in relevant part that "[t]he court need not give additional instructions beyond those specifically requested by the jury, but in its discretion the court may also give or repeat other instructions to avoid giving undue prominence to the requested instructions." *Id.* In this case defense counsel did not request the trial court to give any additional instructions, and we do not believe that the trial court plainly erred in failing to reinstruct on self

defense. The jury was fully aware of defendant's claim in that respect, the claim having been addressed in the closing arguments of both the prosecutor and defense counsel and in the original instructions by the trial court.

Affirmed.

