**STATE of Minnesota, Respondent,**

v.

**Samuel Kenneth WILLIS, Appellant.**

**No CX–84–1231.**

Court of Appeals of Minnesota.

Feb. 19, 1985.

Hubert H. Humphrey, III, Atty. Gen., State of Minnesota, St. Paul, Thomas J. Johnson, Hennepin County Atty., Anne E. Peek, Asst. County Atty., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Steven P. Russett, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Appellant Samuel Willis was convicted of murder in the second degree, Minn.Stat.

§ 609.19 (1982) and assault in the second degree, Minn.Stat. §§ 609.222 and 609.11 (1982), and was sentenced to concurrent prison terms of 120 and 60 months. On appeal he (1) claims the trial court improperly excluded evidence of the homicide victim's background which was relevant to appellant's self-defense claim, (2) challenges the sufficiency of the evidence that he did not act in self-defense, (3) alleges error in the admission of his prior convictions, and (4) claims he is entitled to jail credit for time spent in Illinois on another charge. We affirm.

## FACTS

Around noon on August 16, 1982 appellant Samuel Willis, a recent arrival from Chicago, visited the area of 1051 Bryant Avenue North in Minneapolis. There, in front of an old boarded-up apartment building, neighborhood residents would gather to socialize, drink, smoke marijuana and gamble. While Grover Dickson, age 71, operated a "craps" game, appellant started his own craps game. Most of the people soon joined appellant's game, apparently because appellant did not take a "cut" from the money bet in the game as Dickson did.

An argument soon ensued between Frederick "Cat" Evans and appellant over a $5.00 bet. The two pushed, shoved and swore at each other. Cat called to his brother, James "Boo" Evans, for help. Boo jumped out of his car, pulled a straight-edge razor and threatened appellant. Several onlookers attempted to restrain Boo. Meanwhile, appellant edged towards a friend's truck parked nearby. He pulled out a rifle and began firing shots. Appellant struck Grover Dickson with the butt of the rifle. He ran after Boo across the street and up a path between some apartment buildings, firing several more shots on the run. Appellant then returned to where Grover Dickson was lying and beat him again with the butt of the rifle. Boo died from a single gun shot wound which entered the lower back from a distance of about two to three feet

away. Grover Dickson's injuries included a broken left arm.

Appellant immediately returned to Chicago and was arrested there later on an unrelated matter. He was eventually extradited to Minnesota and was charged with murdering Boo Evans and beating Grover Dickson.

At trial, appellant claimed he acted in self-defense. He testified he was pushing with Cat and the crowd was yelling "Fuck that punt," referring to him. Appellant claimed he wanted to leave and asked his friend to drive him home. As he headed towards his friend's truck he said Boo was in a rage screaming, "I'm going to fuck you up" and was lunging at him with the razor. Appellant said Boo was restrained by several people. Appellant testified he thought things had settled down but as he walked towards the truck he saw Boo rushing after him, clutching the razor. Appellant got into the truck and after Boo lunged in with the razor, he grabbed a rifle and fired it at Boo. He claimed Grover Dickson then jumped him so he hit him with the gun. He fired some shots into the air to scatter the crowd. Later Grover Dickson again lunged at him and he struck Dickson with the rifle and fled.

## ISSUES

1. Did the trial court err by excluding evidence of Boo's prior arrests or convictions?

2. Did the trial court err in admitting defendant's prior convictions for impeachment purposes?

3. Was the evidence sufficient to prove defendant did not act in self-defense?

4. Is defendant entitled to jail credit for time spent in Illinois on unrelated matters while extradition was pending for these offenses?

## ANALYSIS

### I.

Appellant contends the trial court prejudicially erred by excluding evidence of

Boo's prior criminal record of a 1981 arrest for aggravated robbery, 1980 arrests for two second degree assaults and a third degree assault, a 1979 theft conviction, a receiving stolen property conviction in 1979, and a 1979 arrest for criminal sexual conduct. This evidence was intended to show Boo was a violent person, and would substantiate his self-defense claim. Although not specifically stated by defense counsel, arguably the evidence supported appellant's claim he was reasonably put in apprehension of serious bodily harm. *See State v. Rule*, 355 N.W.2d 496 (Minn.Ct. App.1984).

The trial court's ruling was not erroneous. There is no showing the acts which led to Boo's prior arrests were directed at the defendant himself, *State v. Taylor*, 258 N.W.2d 615, 619 (Minn.1977) or even that appellant knew about the specific acts. *State v. Bland*, 337 N.W.2d 378, 383 (Minn. 1983); *Taylor*, 258 N.W.2d at 619–20. The acts were not relevant on the issue of Boo's intent or knowledge under Minn.R.Evid. 404(b). *Bland*, 337 N.W.2d at 383. Boo's prior convictions of theft and receiving stolen property were properly excluded because there was no showing appellant was aware of the convictions at the time of the incident, *Taylor*, 258 N.W.2d at 620.

The trial court, however, admitted evidence of Boo's reputation as a troublemaker, a violent person with a bad temper, and well-known by police. Defense counsel's closing argument pointed out Boo had a reputation for having a short temper and a violent nature. The prosecutor's closing argument admitted the evidence showed Boo came at appellant with a razor. Under these circumstances, it is extremely unlikely the excluded evidence would have led to a different result. *State v. Matthews*, 301 Minn. 133, 135, 221 N.W.2d 563, 565 (1974); *see State v. Turner*, 359 N.W.2d 22, 24 (Minn.1984). Appellant's proffered evidence had little, if any, probative value to appellant's self-defense claim. The trial court's evidentiary rulings are affirmed.

II.

■ Appellant's contention that the trial court erred in admitting three armed robbery convictions for impeachment purposes under Minn.R.Evid. 609 is without merit. Under the standards set out in *State v. Jones*, 271 N.W.2d 534 (Minn.1978), we find no error.

III.

Appellant argues the State did not meet its burden of proving the shooting of Boo and the assault of Grover Dickson were not in self-defense.

■ 1. Minn.Stat. §§ 609.06 and 609.-065 allow the use of deadly force as self-defense if (a) the killing was done in the belief it was necessary to avert death or grievous bodily harm; (b) the judgment of the defendant as to the gravity of the peril to which he was exposed was reasonable under the circumstances; and (c) the defendant's election to kill must have been such as a reasonable man would have made in light of the danger to be apprehended. *State v. Austin*, 332 N.W.2d 21, 24 (Minn. 1983).

■ The State conceded appellant reasonably believed Boo was threatening serious harm with a razor and it was reasonable for appellant to grab a rifle. The crucial issue, however, was whether appellant's decision to shoot was reasonable. The jury, properly instructed on the burden of proof, found it was not. The jury could reasonably have concluded once appellant produced the rifle and Boo started running away, there was no need to use the gun.

Most of the State's witnesses testified they saw appellant pursuing Boo, firing the rifle numerous times. This testimony was corroborated by the medical examiner who testified that Boo was hit in the back from about two to three feet away. The jury was justified in finding Boo's killing was not done in the belief it was necessary to avert appellant's own serious injury or that it was reasonable for appellant to elect to kill Boo. The State met its burden of proving appellant did not act in self-defense.

2. The conviction for assaulting Grover Dickson is also affirmed. First, there was no evidence Grover Dickson ever assaulted appellant other than appellant's own testimony. The jury could justifiably conclude that it was unlikely a 71 year old man would attack a 31 year old man armed with the rifle. Even if Grover Dickson attacked appellant, the jury could conclude appellant's striking of Grover Dickson with the rifle butt was unreasonable and excessive. The second attack was even more unreasonable since Dickson was still on the ground and appellant could easily have escaped.

### IV.

Following the shooting, appellant returned to Chicago, Illinois, where he was arrested on November 22, 1982 on an unrelated matter. In December 1982, an arrest warrant and complaint was issued in Hennepin County charging appellant with second degree murder for the death of Boo Evans. Minnesota requested extradition on February 3, 1983, but Illinois detained appellant pending the outcome of the Illinois charge. Appellant was acquitted of the Illinois charge and was extradited to Minnesota on January 18, 1984.

At sentencing, the trial court refused to grant appellant jail credit for time served in custody in Illinois because appellant did not show the time was related to the Hennepin County offenses. This ruling was correct. While Minn.R.Crim.P. 27.03, subd. 4(B) provides jail credit for "all time spent in custody in connection with the offense or behavioral incident for which sentence is imposed," a defendant is not entitled to credit for time spent in prison in another state in connection with an out-of-state charge. *State v. Brown*, 348 N.W.2d 743, 747–748 (Minn.1984); *State v. Mattson*, 356 N.W.2d 391, 394 (Minn.Ct.App. 1984). Appellant argues because of the Minnesota hold he was precluded from release in Illinois, had he posted bail, and thus equity and fair play compel the granting of jail credit. We do not agree. Appellant was in jail in Illinois for over a month before the Minnesota hold was issued and did not post bail. There is no indication that he served any additional time in Illinois because of the Minnesota hold.

### DECISION

The trial court's evidentiary rulings were not erroneous. The evidence was sufficient to prove that appellant did not act in self-defense. Appellant is not entitled to jail credit for time spent in Illinois in connection with an unrelated Illinois offense.

Affirmed.