John Pierpont MORGAN, Jr., Appellant,

v.

STATE of Minnesota, Respondent.

No. C2-84-2079.

Supreme Court of Minnesota.

April 11, 1986.

Terrence J. Fleming, Richard B. Solum, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, Michael T. Milligan, Cass Co. Atty., Walker, for respondent.

WAHL, Justice.

John Pierpont Morgan, Jr. petitioned for post-conviction relief pursuant to Minn. Stat. ch. 590 (1984). The Cass County District Court summarily denied the petition. Morgan appeals the summary nature of the denial and seeks an order requiring a district court hearing on the merits of the petition. We hold Morgan was not entitled to a hearing on the petition and affirm the post-conviction court's denial of the petition on its merits.

The history and facts of this case are known to the court. *State v. Morgan,* 310 Minn. 88, 246 N.W.2d 165 (1976) *cert. de-nied,* 430 U.S. 936, 97 S.Ct. 1564, 51 L.Ed.2d 782 (1977). In 1973, John Morgan and a friend took John Estrella and Patricia Hamilton to a wooded area near a cabin in northern Minnesota where the group was staying. There, Morgan shot and killed the two. He was subsequently arrested and held in the Wadena County jail, from which he escaped. Before he was recaptured, Morgan held a farm family hostage for two days.

Morgan pled guilty to a kidnapping charge for the hostage incident. After a change of venue, he was tried by jury in Ramsey County for the murders of Estrella and Hamilton. The key witness at the trial was Regina Delverde, an eyewitness to the murders and preceding events. Morgan was convicted of two counts of first-degree murder and sentenced to two concurrent life sentences. We upheld the convictions on appeal. *Id.* Morgan is presently incarcerated in state prison. Morgan's co-defendant on the murder charges was tried separately and acquitted.

In 1984, Morgan petitioned the Cass County District Court for post-conviction relief, alleging several grounds on which he claimed to be entitled to either sentence reduction or a new trial: (1) newly discovered evidence—statement by co-defendant and perjured testimony by the state's key witness at the trial; (2) ineffective assistance of counsel; and (3) other factors, including trial court error, co-defendant's acquittal on the same charges, and the public interest, which, cumulatively, might warrant some judicial relief. The post-conviction court determined on the record that Morgan was entitled to no relief and denied the petition without a hearing.

On appeal, Morgan raises only the narrow issue of whether he was entitled to a hearing on his petition under Minn.Stat. ch. 590, the post-conviction remedy statute. A petitioner for post-conviction relief is not entitled to a hearing on the petition if "the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief" or (2) if "the issues raised * * * have previously been

decided by the court of appeals or the supreme court in the same case." Minn. Stat. § 590.04, subds. 1, 3 (1984). Furthermore, all claims known but not raised at the time of direct appeal will not be considered in a subsequent petition for post-conviction relief. *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). *But see Case v. State,* 364 N.W.2d 797, 800 (Minn.1985) (post-conviction relief will be allowed where a claim is so novel that it can be said its legal basis was not reasonably available to counsel at the time the direct appeal was taken and decided).

Our review of whether the summary nature of the denial was proper requires us to determine whether any of the alleged grounds for relief require a hearing.

### 1. *Newly Discovered Evidence.*

■ Morgan claims two pieces of newly discovered evidence entitle him to post-conviction relief. First, Morgan's acquitted co-defendant has submitted an affidavit attesting that Morgan was intoxicated at the time of the murders of Hamilton and Estrella and did not premeditate the killings but participated spontaneously. This claim concerns Morgan's state of mind and cannot be said, therefore, to have been unavailable at the time of trial or direct appeal. *See Knaffla,* 309 Minn. at 252, 243 N.W.2d at 741. On the basis of the *Knaffla* rule, Morgan is not entitled to either sentence reduction or a new trial on grounds of the co-defendant's newly offered evidence.

■ Morgan next contends that he can offer newly discovered evidence that Regina Delverde, the state's key witness at the murder trial, perjured herself when she testified that she had received no benefit from the state for her testimony. Morgan claims he can show, upon information and belief, that the state provided for Delverde's oral surgery and dental work before trial.

A new trial will be granted when trial evidence is discovered to have been false or perjured if the jury might have reached a different conclusion in the absence of the false or perjured testimony. *State v. Caldwell,* 322 N.W.2d 574, 584–85 (Minn.1982). If the proffered evidence of Delverde's perjury is true it would not alter her direct testimony implicating Morgan in the murders, but only impeach her credibility generally. This would be of no avail, for even if a jury on retrial entirely discounted Delverde's testimony as a result of this impeachment there is other and convincing evidence that Morgan killed Estrella and Hamilton. Morgan admitted to the farmer he held hostage that the two people he was accused of killing "were a couple of young punks playing in the wrong league," and that "[i]t was either them or us." *State v. Morgan,* 310 Minn. at 91, 246 N.W.2d at 167. We conclude that a jury would not reach a different conclusion on retrial if Delverde's testimony were impeached and hold that Morgan is not entitled to a new trial on the ground of newly discovered evidence of Delverde's perjury.

### 2. *Ineffective Assistance of Counsel.*

■ Morgan contends he received ineffective assistance of counsel at trial. As proof, he points to the fact that his co-defendant was tried separately and acquitted and that his attorney did not request a jury instruction on lesser included offenses to first-degree murder.

In Minnesota, the test of effective representation by counsel is "whether the attorney * * * exercised the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances." *State v. Heinkel,* 322 N.W.2d 322, 326 (Minn.1982). The defendant bears the burden of proving ineffective assistance of counsel. *Id.*

Morgan's defense apparently pursued an "all or nothing" trial strategy, gambling that acquittal would result. The strategy did not have the desired effect. Trial tactics, however, are not to be confused with competence. *Brown v. State,* 292 Minn. 174, 177, 193 N.W.2d 613, 616 (1972). Nor

do we find acquittal of Morgan's co-defendant persuasive evidence of attorney incompetence. The two defendants were not tried on exactly the same evidence, and the evidence against Morgan was stronger—eyewitness identification of Morgan as the triggerperson in the killings, and his own admission of guilt to a hostage. Morgan has failed to meet the burden of demonstrating that his attorney did not exercise reasonable skill and diligence. He is not entitled to a new trial on the ground of ineffective assistance of counsel.

### 3. Trial Court Error.

■ Evidence of Morgan's involvement in other crimes, including the hostage-taking incident and an armed robbery, was admitted into evidence at the murder trial. Morgan claims it was error for the trial court to have admitted this other-crimes evidence. These claims of error, however, were considered and disposed of in the direct appeal of Morgan's conviction. *State v. Morgan*, 310 Minn. at 91–94, 246 N.W.2d at 167–68. Morgan is entitled to no relief on this ground.

### 4. The Public Interest.

■ Finally, Morgan claims his sentence should be reduced to serve the public interest. Such reduction, he argues, would recognize his positive individual change and the example he has set in the prison community, and would return to the general community a person committed to helping others. While we commend Morgan's efforts at personal and social change, we conclude he must direct this equitable argument to the State Board of Pardons. That body alone has the authority to reduce his sentence or to release him in the public interest.

Because the petition and record conclusively show that Morgan is not entitled to post-conviction relief, we hold that the petition was properly denied without a hearing.

Affirmed.