This petition for the writ of certiorari presents the following question: Should this Court grant a petition for certiorari to review a decision of the Court of Criminal Appeals that affirmed the petitioner's conviction but also remanded the cause to the trial court for a new sentencing hearing? For the reasons we spell out in this opinion, we hold that the petition is premature and that the petitioner must await a final decision in the Court of Criminal Appeals that adjudicates all of the issues raised on his appeal.
Petitioner Andy Dwight Pierce was indicted for intentional murder during the course of a robbery. See § 13A-5-40(a)(2), Code of Alabama 1975. A jury found him guilty and recommended that he receive the death sentence. The judge accepted the jury's recommendation and sentenced Pierce to death.
On appeal to the Court of Criminal Appeals, the petitioner raised several grounds of alleged error, which he contends entitle him to a new trial. The Court of Criminal Appeals affirmed his conviction, but found that the admission of a victim impact statement during the sentencing phase of his trial violated his Eighth Amendment rights, stating that "this type of information is irrelevant to a capital sentencing decision, and that its admission creates a constitutionally unacceptable risk that the jury may impose the death penalty in an arbitrary and capricious manner." Pierce v. State,576 So.2d 236 (Ala.Cr.App. 1990).
The Court of Criminal Appeals remanded the case for a new sentencing hearing.
Pierce's petition to this Court is grounded on the provisions of Rule 39(c), Ala.R.App.P., which states that a "petition for writ of certiorari to this court in a criminal case in which the death penalty has been imposed as punishment shall be filed by counsel representing the petitioner on the appeal of the case, and will be granted as a matter of right."
Rule 39, Ala.R.App.P., provides that "[d]ecisions of the courts of appeals may be reviewed" if the conditions set out in that Rule are met. We could construe the word "decisions" in Rule 39 broadly to apply to a ruling, such as the one in this case, that affirmed the petitioner's conviction, but we believe that we should construe the word more strictly to apply only to those rulings that finally adjudicate all the issues pending in the court of appeals.[1] *Page 259 
When the Court of Criminal Appeals remands a case for some action to be performed by the trial court, as it has in this case, it retains jurisdiction of the case. In this particular case, if this Court should grant the writ and the petitioner in the remand proceeding is not sentenced to death, then the very ground of his petition now before us would not be present.
Some of the problems that can develop if this Court entertains a petition to review a ruling of the Court of Criminal Appeals remanding a case to the trial court are shown by the case of Cardwell v. State, 544 So.2d 987
(Ala.Cr.App. 1989). In Cardwell, the Court of Criminal Appeals remanded the case for a hearing to clarify an issue central to the case. In that case, the wife of an assistant district attorney had served on the grand jury that had indicted the defendant. On appeal, the defendant argued that this "biased" grand jury had deprived him of his right to a fair trial. The Court of Criminal Appeals remanded for the trial court to determine if the assistant district attorney and his wife had discussed the case and to determine the role the wife had played in the grand jury's decision.
The State petitioned this Court for a writ of certiorari to review the ruling of the Court of Criminal Appeals that had remanded the case; this Court granted the petition, but later quashed the writ as having been improvidently granted.[2] TheCardwell case is an example of the problem that can be caused if this Court should consider a ruling such as was rendered in this case to be a "decision" that this Court would review under the provisions of Rule 39.
The Court of Criminal Appeals has not yet affirmed the petitioner's sentence of death, and there remains an issue concerning that sentence. The petition for the writ of certiorari, therefore, is premature and is due to be denied. Because we deny the petition on the ground that it is premature, we necessarily are not expressing any opinion as to whether it has any merit, and our denial is without prejudice to the petitioner's right to file another petition after the Court of Criminal Appeals finally adjudicates all of the issues pending before it on the appeal.
PETITION DENIED AS PREMATURELY FILED.
HORNSBY, C.J., and SHORES, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
[1] In construing Rule 39 as we do, we have applied the mandate of Rule 1, Ala.R.App.P., that the Rules "shall be construed so as to assure the just, speedy, and inexpensive determination of every appellate proceeding on its merits."
[2] The report of the case at 544 So.2d 987 shows only that the writ was quashed. We have examined the original records of this Court in order to determine what actually happened in that case and the reason the writ was quashed. It appears that the Court of Criminal Appeals, on March 8, 1988, issued its first opinion in the case. In that opinion the court remanded the cause to the circuit court with directions. That court denied the State's application for rehearing on April 12, 1988, and the State filed its certiorari petition, which this Court granted. After this Court quashed the writ as having been improvidently granted, the Court of Criminal Appeals wrote a "Second Opinion" on March 17, 1989, in which it remanded the cause for a hearing. 544 So.2d at 990. On May 26, 1989, the court wrote its final opinion in the cause, styled "On Return to Remand." 544 So.2d at 990. This Court was not asked again to review the Court of Criminal Appeals' action.