**Robert M. FARRELL, Petitioner-Appellant,**

**v.**

**Leoneal DAVIS, Warden, Respondent-Appellee.**

**No. 91–7945.**

United States Court of Appeals, Eleventh Circuit.

Sept. 30, 1993.

Paul D. Brown, Mobile, AL, for petitioner-appellant.

Beth Slate Poe, Asst. Atty. Gen., Montgomery, AL, for respondent-appellee.

Before BIRCH, DUBINA and BLACK, Circuit Judges.

## PER CURIAM:

Appellant Robert M. Farrell ("Farrell") appeals the judgment of the district court denying his petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.

## I. BACKGROUND

A state jury convicted Farrell for the murder of his wife and the court sentenced him to life in the penitentiary. After exhausting his state remedies, Farrell filed a section 2254 petition in the United States District Court for the Southern District of Alabama attacking his murder conviction. In his petition, Farrell, who is white, raised a *Batson* [1] claim alleging that the prosecutor improperly struck black jurors from the jury venire. The case was referred by the district court to a magistrate judge who conducted an evidentiary hearing. Subsequently, the magistrate judge recommended that all relief be denied. That recommendation was adopted by the district court.

## II. ISSUE

The issue presented in this appeal is whether the rule of law of *Powers v. Ohio*, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), is a new rule and not an extension of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and, therefore, subject to the Supreme Court's holding in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).[2] Another way of stating the issue is whether Farrell has standing to assert an equal protection claim under the Fourteenth Amendment that the state allegedly exercised its peremptory strikes in a racially-discriminatory manner.

1. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

2. *Teague v. Lane* prohibits the retroactive application of a new rule to claims raised on collateral attack.

## III. DISCUSSION

Farrell originally raised his claim under *Batson*, which was decided by the Supreme Court during the pendency of his direct appeal in state court.[3] At that time, *Batson* applied only to a defendant who was challenging the strikes of jurors who were of his own race; since Farrell was a white person challenging the striking of black jurors, *Batson* was held inapplicable to his case. Three years later, the Supreme Court held in *Powers* that under the Equal Protection Clause, the defendant has standing to object to race-based exclusion of jurors through peremptory challenges whether or not the defendant and excluded jurors share the same race.

The district court held that Farrell would have standing under *Powers* only if that case was held to apply retroactively. If *Powers* announced a new rule that was established after Farrell's appeal became final, it would not apply.

A case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final. *Graham v. Collins*, — U.S. —, —, 113 S.Ct. 892, 897, 122 L.Ed.2d 260 (1993) (citing *Teague v. Lane*, 489 U.S. 288, 301, 109 S.Ct. 1060, 1070, 103 L.Ed.2d 334 (1989)); *Sawyer v. Smith*, 497 U.S. 227, 234, 110 S.Ct. 2822, 2827, 111 L.Ed.2d 193 (1990). Unless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases that have become final before the new rules are announced. *Teague v. Lane*, 489 U.S. at 310, 109 S.Ct. at 1075. The Supreme Court articulated two exceptions to its *Teague* holding: (1) if the new rule places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe" or (2) if it requires the observance of "those procedures that ... are implicit in the concept of ordered liberty." 489 U.S. at 307, 109

3. The record demonstrates that during jury selection in Farrell's murder trial, the prosecution struck four out of five black jurors on the venire without giving any race-neutral reasons for the challenges.

S.Ct. at 1073. We hold that the rule announced by *Powers* constitutes a new rule and does not fall within either of the two above-noted exceptions.[4] The language of *Batson* clearly limited its application to defendants of the same race as the excluded jurors. The Supreme Court's holding in *Powers* that a defendant has standing to object to race-based exclusion of jurors, whether or not the defendant and excluded jurors share the same race, is a complete departure from the established precedent regarding standing and equal protection. Moreover, in a case decided after *Batson*, we clearly recognized the requirement of racial identity between the complaining defendant and the excluded jurors. *See, e.g., United States v. Rodriguez-Cardenas*, 866 F.2d 390, 392 (11th Cir.1989), *cert. denied*, 493 U.S. 1069, 110 S.Ct. 1110, 107 L.Ed.2d 1017 (1990). Similarly, the Alabama state courts have consistently held that a defendant must be of the same race as the excluded jurors before he has standing under the Equal Protection Clause to challenge their removal. *See, e.g., Pierce v. State*, 576 So.2d 236, 242 (Ala.Crim.App.1990), *cert. denied*, 576 So.2d 258 (Ala.1991).

Finally, research reveals that two other circuits have considered the precise issue presented in this appeal. In *Holland v. McGinnis*, 963 F.2d 1044 (7th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1053, 122 L.Ed.2d 360 (1993), the Seventh Circuit held, after a detailed analysis, that the Supreme Court in the *Powers* decision, permitting cross-racial challenges to the state's use of peremptory strikes, announced a "new rule" of law that could not be applied retroactively on collateral review.

Moreover, the Sixth Circuit, in a divided panel opinion, agreed with the Seventh Circuit's view that the rule of law announced in *Powers* is a "new rule." *See Echlin v. LeCureux*, 995 F.2d 1344, 1350 (6th Cir.1993). We are persuaded that the holdings of our sister circuits in *Holland* and *Echlin* are correct.

Accordingly, we affirm the judgment of the district court denying habeas relief.

AFFIRMED.

---

4. During oral argument, counsel for Farrell admitted that the two exceptions to the *Teague* rule do not apply in this case.