**Gregor J. McMASTER, Petitioner,
Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. C2–95–2420.

Supreme Court of Minnesota.

July 3, 1996.

Heidi H. Crissey, Stillwater, for Appellant.

Hubert H. Humphrey, III, Attorney General, State of Minnesota, William F. Klumpp, Jr., Assistant Attorney General, St. Paul, Michelle E. Moren, Roseau City Attorney, Roseau, for Respondent.

OPINION

PAGE, Justice.

Gregory J. McMaster appeals the postconviction court's denial of his petition for postconviction relief from his October 5, 1978, plea of guilty to violation of Minn.Stat. § 609.185(1) (1978) in the death of Roseau County Deputy Sheriff Richard Magnuson. McMaster's postconviction petition raised a number of issues which he contends entitle him to withdraw his guilty plea and obtain a new trial. These issues can be summarized as follows: (1) he received ineffective assistance of counsel; (2) the terms of his plea agreement were unlawful; and (3) his guilty plea was not valid. This appeal followed as permitted by Minn.Stat. § 590.06 (1994). We affirm the postconviction court.

Postconviction rulings are reviewed "under an abuse of discretion standard." *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). Our inquiry is limited to "determin[ing] whether there is sufficient evidence to sustain the postconviction court's findings." *Scruggs v. State*, 484 N.W.2d 21, 25 (Minn.1992). In the absence of an abuse of discretion, we will not disturb the postconviction court's decision. *Id.* In this case we need not engage in an extensive discussion of the multiple issues raised by McMaster. It is enough to say that we have thoroughly reviewed the record and conclude that there is sufficient evidence to sustain the postconviction court's findings and that none of the issues raised by McMaster's postconviction petition have any merit.

Further, we have said that delays in filing for postconviction relief may weigh against the petitioner. *Fox v. State*, 474 N.W.2d 821, 826 (Minn.1991); *Wieland v. State*, 457 N.W.2d 712, 715 (1990). The deliberate or inexcusable delay in pursing a

postconviction claim may constitute an abuse of the judicial process. IV *ABA Standards for Criminal Justice* Standards 22–2.4 & 22–6.2 (2d ed.1980). We conclude that McMaster's 15–year delay in seeking postconviction relief is fatal to his petition in that, on the facts before us, the delay constitutes an abuse of the judicial process. *Cf. Hoagland v. State,* 518 N.W.2d 531, 535 (Minn.1994) (holding that the defendant was entitled to a new trial "unless he has abused the judicial process or the state can establish that it would be unduly prejudiced by a new trial"). Here, McMaster admits that he deliberately delayed seeking postconviction relief in order to avoid extradition to Canada, where he thought he would be subject to capital punishment, for three murders he committed there.

Affirmed.