Christopher A. TSIPOURAS,
petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. C2–96–2606.

Court of Appeals of Minnesota.

July 29, 1997.

Review Denied Sept. 18, 1997.

Hubert H. Humphrey, III, Attorney General, St. Paul, for Respondent.

Michael O. Freeman, Hennepin County Attorney, Jean E. Burdorf, Assistant County Attorney, Minneapolis, for Respondent.

Frank A. Delle Donne, New York City, for Appellant.

Considered and decided by HARTEN, P.J., PARKER and DAVIES, JJ.

## OPINION

DAVIES, Judge.

By postconviction petition, appellant sought reversal of his conviction for criminal sexual conduct, alleging that he was denied his constitutional right to a fair trial and effective assistance of trial and appellate counsel. We affirm the district court's summary denial of appellant's petition.

## FACTS

A jury convicted appellant Christopher Tsipouras of first-degree criminal sexual conduct under Minn.Stat. § 609.342, subd. 1(e)(i) (1988), and of third-degree criminal sexual conduct under Minn.Stat. § 609.344, subd. 1(c) (1988). In 1990, Tsipouras appealed his conviction, arguing that the trial court erred regarding various evidentiary and sentencing matters and in refusing to order a new trial based on prosecutorial misconduct. We affirmed Tsipouras's conviction. *State v. Tsipouras*, No. C7–90–708, unpub. op., 1991 WL 1942 (Minn.App. Jan. 15, 1991), *review denied* (Minn. Feb. 20, 1991).

Tsipouras petitioned for postconviction relief in early 1996, seeking to vacate his judgment of conviction. Tsipouras claimed that his due process rights were violated because the prosecution exercised a race-based peremptory challenge, defense counsel's voir dire was inappropriately curtailed, and he was denied effective assistance of trial and appellate counsel. The district court summarily denied Tsipouras's petition and this appeal followed.

## ISSUES

I. Did the State exercise an unconstitutional, race-based peremptory challenge?

II. Did the trial court impermissibly curtail defense counsel's voir dire?

III. Was Tsipouras denied effective assistance of trial and appellate counsel?

## ANALYSIS

Our review of a postconviction proceeding is limited to determining whether the evidence is sufficient to sustain the findings of the postconviction court. *Scruggs v. State,* 484 N.W.2d 21, 25 (Minn.1992). A "postconviction proceeding is a collateral attack on a judgment which carries a presumption of regularity and which, therefore, cannot be lightly set aside." *State ex rel. Gray v. Tahash,* 279 Minn. 248, 250, 156 N.W.2d 228, 229 (1968). Absent an abuse of discretion, a trial court's postconviction decision will not be disturbed on appeal. *McMaster v. State,* 551 N.W.2d 218, 218 (Minn.1996).

Summary dismissal of a postconviction petition is permitted unless facts are alleged that, if proved, would entitle a petitioner to the requested relief. *State ex rel. Roy v. Tahash,* 277 Minn. 238, 245, 152 N.W.2d 301, 306 (1967). Our review of the district court's decision requires us to determine whether any of the alleged grounds for relief necessitates a hearing.

## I. Race-Based Peremptory Challenge

Tsipouras, who is white, claims he was denied a fair trial because the prosecutor used a peremptory challenge to strike a black venireperson. The Equal Protection Clause of the U.S. Constitution prohibits purposeful discrimination in jury selection. *Batson v. Kentucky,* 476 U.S. 79, 84–89, 106 S.Ct. 1712, 1716–19, 90 L.Ed.2d 69 (1986). To establish a prima facie case of purposeful discrimination, a defendant must show: (1) that the defendant is a member of a cognizable racial group and that the prosecution used peremptory challenges to remove members of that racial group from the jury, and (2) that this and other relevant circumstances raise an inference that the prosecution is discriminating on the basis of race. *Id.* at 96, 106 S.Ct. at 1723.

The trial court denied the defense motion for a mistrial based on *Batson,* ruling that *Batson* was not applicable because Tsipouras and the stricken juror were not the same race. Tsipouras argues that the postconviction court erred by failing to consider the effect on *Batson* of *Powers v. Ohio,* 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991). In *Powers,* the Supreme Court extended the *Batson* protection against purposeful racial discrimination to cases where the defendant's race differs from that of the excluded juror. *Id.* at 415–16, 111 S.Ct. at 1373–74.

Tsipouras may on collateral review benefit from *Powers* only if *Powers* was "dictated by precedent existing at the time" his conviction became final and was not a "new constitutional rule of criminal procedure." *Teague v. Lane,* 489 U.S. 288, 301, 310, 109 S.Ct. 1060, 1070, 1075, 103 L.Ed.2d 334 (1989) (emphasis omitted).[1] Because Tsipouras's conviction became final before *Powers* was decided, the postconviction court refused to apply *Powers,* assuming that the retroactivity rules of *Teague* applied.

1. *Teague* suggests two exceptions to the proscription against retroactive application of new rules on collateral review. "[A] new rule should be applied retroactively if it places 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe,'" or is a "watershed rule of criminal procedure" implicating the fundamental fairness and accuracy of the criminal proceeding. *Teague,* 489 U.S. at 311–13, 109 S.Ct. at 1075–77. Tsipouras does not contend that these exceptions apply in his case.

■ Tsipouras characterizes *Powers* as an "explanation" of *Batson* rather than a new rule and on that basis claims he is entitled to a retroactive application of *Powers*. Although Minnesota courts have not considered this issue, other courts characterizing the relationship between *Powers* and *Batson* have concluded that *Powers* announced a new rule. *See Jones v. Gomez,* 66 F.3d 199, 203 (9th Cir.1995) (noting that, although not a radical break from precedent, *Powers* announced new rule), *cert. denied,* —— U.S. ——, 116 S.Ct. 1437, 134 L.Ed.2d 559 (1996); *Farrell v. Davis,* 3 F.3d 370, 372 (11th Cir. 1993) (describing Supreme Court holding in *Powers* as "complete departure from the established precedent" and thus new rule); *Echlin v. LeCureux,* 995 F.2d 1344, 1351 (6th Cir.1993) (stating that holding in *Powers* is not dictated by *Batson* and that *Powers* announced new rule), *cert. denied,* 510 U.S. 993, 114 S.Ct. 552, 126 L.Ed.2d 453 (1993); *Holland v. McGinnis,* 963 F.2d 1044, 1055 (7th Cir.1992) (finding that *Batson* did not dictate result in *Powers* ), *cert. denied,* 506 U.S. 1082, 113 S.Ct. 1053, 122 L.Ed.2d 360 (1993); *see also Hopson v. Fredericksen,* 961 F.2d 1374, 1377 n. 3 (8th Cir.1992) ("We note that elements one and two of the *Batson* prima facie analysis have been recently negated by the Supreme Court in *Powers* * * *.").

We reject Tsipouras's characterization of *Powers* and decide, consonant with prevailing judicial opinion, that *Powers* announced a new constitutional rule of criminal procedure. Consequently, we agree with the postconviction court that Tsipouras cannot benefit from the application of *Powers* on collateral review of his conviction.

## II. Voir Dire

Tsipouras believes he was denied his due process right to an impartial jury when the trial court limited defense voir dire of a prospective juror who, during voir dire, said she wanted to hear Tsipouras testify. Tsipouras believes that the trial court's actions led the defense to accept a biased juror.

■ The trial court instructed the juror on Tsipouras's Fifth Amendment privilege not to testify and asked if she would be able to follow the instruction. She said that she would. As voir dire continued, the prospec-

tive juror again observed that she would like to hear what both Tsipouras and the victim had to say. The trial court sustained the State's objection to continued questioning on the matter and defense counsel accepted the juror.

> In an appeal based on juror bias, an appellant must show that the challenged juror was subject to challenge for cause, that actual prejudice resulted from the failure to dismiss, and that appropriate objection was made by appellant.

*State v. Stufflebean,* 329 N.W.2d 314, 317 (Minn.1983).

■ Defense counsel did not challenge the juror for cause after voir dire. Tsipouras's claim that he need not have done so because the juror was "actually prejudiced" is conclusory, and Tsipouras has offered no evidence to support this claim. We decline, under these circumstances, to presume juror bias.

## III. Ineffective Assistance of Trial and Appellate Counsel

Tsipouras alleges that his defense counsel was ineffective because counsel failed to challenge for cause or exercise peremptory challenges to remove several jurors who Tsipouras now claims were biased.

To set aside a conviction on the ground of ineffective assistance of counsel, a defendant must show "that his counsel's representation 'fell below an objective standard of reasonableness' and 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Gates v. State,* 398 N.W.2d 558, 561 (Minn.1987) (quoting *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984)). The court must be "highly deferential" when scrutinizing defense counsel's performance. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

■ Defense counsel's decision to accept jurors who had recent experiences with

violent crime or who had expressed a point of view on date rape is within the "wide range of reasonable professional assistance" permitted under *Strickland.* Attorneys must make tactical decisions during jury selection, and a claim of ineffective assistance of counsel cannot be established by merely complaining about " 'counsel's failure to challenge certain jurors or his failure to make proper objections.' " *State v. Prettyman,* 293 Minn. 493, 494, 198 N.W.2d 156, 156 (1972) (quoting *State v. Russell,* 272 Minn. 463, 465, 138 N.W.2d 690, 692 (1965)).

 Further, Tsipouras has failed to show how he was prejudiced by the alleged deficiencies in his attorney's performance. *See Gates,* 398 N.W.2d at 562 (stating that a defendant must show that "but for the errors the result of the proceeding probably would have been different"). Tsipouras believes that his co-defendants' acquittals and the lack of evidence supporting his conviction indicate that "but for" his counsel's performance he too would have been acquitted. We disagree. This court has already decided that there was sufficient evidence to support Tsipouras's conviction. *Tsipouras,* unpub. op. at 3. The acquittal of Tsipouras's co-defendants is not dispositive of the issue of ineffective assistance of counsel. *See Morgan v. State,* 384 N.W.2d 458, 460–61 (Minn. 1986) (acquittal of co-defendants not persuasive evidence of ineffective assistance of counsel).

Tsipouras believes that he received ineffective assistance of appellate counsel because his attorney failed, on direct appeal, to raise the issues he now raises.

 To render effective assistance of counsel, an attorney is not required to advance "every conceivable argument on appeal that the trial record supports." *Garasha v. State,* 393 N.W.2d 20, 22 (Minn.App.1986). Rather, the attorney's choice of issues must not fall beneath the *Strickland* standard of objective reasonableness. *Id.*

 Although Tsipouras considers the issues raised in his postconviction petition "fundamentally essential," we have concluded that these claims, like the seven claims raised on direct appeal, do not support a reversal of his conviction. Counsel's decision not to raise these issues on direct appeal was an exercise of judgment well within the *Strickland* standard.

### DECISION

The postconviction court's summary dismissal of Tsipouras's petition for postconviction relief was proper.

**Affirmed.**